[THIRD DEPARTMENT, GENERAL TERM at Albany, March 12, 1874. *Miller, Bockes* and *Boardman,* Justices.]

(b) Affirmed by Court of Appeals. 59 *N. Y.*, 771.

———— •◄•► ————

## MEDDAUGH *vs.* BIGELOW.

A plaintiff, being now permitted to state his own case, as a witness, ought, when he is conversant with all the facts, to be able to make his right of action entirely plain.

If the plaintiff's case is not free from doubt, on his own testimony, and it wholly fails for want of preponderance of proof, when considered in connection with the evidence of two witnesses on the part of the defence, who were conversant with all the facts, and whose testimony in denial is clear, exact and circumstantial, a verdict in favor of the plaintiff is clearly against conscience;

and the judge is justified in setting it aside and ordering a new trial; and that without imposing terms.

APPEAL from an order granting a new trial on the minutes of the court.

The action was brought to recover $1,000 alleged in the complaint to have been lent by the plaintiff to the defendant, at his request.    The answer was a simple denial of the complaint.

The action was tried before Justice MURRAY, with a jury.

But three witnesses were sworn, on the trial, the plaintiff, in his own behalf — and the defendant and the former wife of the plaintiff on the defence.

The proof showed that the defendant received from the plaintiff $1,000 ; but, according to the evidence on the part of the defence, the money was a payment to the defendant on a parol agreement for the purchase of a house and lot in the city of Elmira at the agreed price of $4,000 ; possession of which was immediately taken, under the agreement, and was retained and continued to the time of the trial.

The plaintiff denied that the money was a payment, and insisted that it was a loan.

The jury found a verdict in favor of the plaintiff; which on the defendant's motion, was set aside by the judge, on his minutes.

From the order setting aside the verdict and granting a new trial the plaintiff appealed to the General Term. (*S. C.*, reported very briefly, 3 *Thomp & C.*, 775.)

*R. King*, for the appellant.

*Collins & Atwill*, for the respondent.

BOCKES, J.    The learned judge who tried the cause at the circuit, came to the conclusion, after careful consideration of the case on all the proof, that the verdict was

manifestly against the weight of evidence.  He says:
"The weight of evidence is so preponderating in favor
of the defendant, that the conclusion is irresistible that
the jury either fell into some mistake and adopted some
mistaken theory, or else were governed by prejudice in
finding for the plaintiff."  In this conclusion we are of
the opinion he was right.  The plaintiff's case rested en-
tirely on his own testimony.  He was not willing to tes-
tify that the money passed as a loan, although he says,
in substance, that he expected it to be returned.  If,
however, he parted with it under this expectation, and
it was so accepted by the defendant, it would in law
amount to a loan.  But the testimony of the plaintiff is
of doubtful import.  He does not make it clear that the
money was to be returned to him.  He leaves the subject
in doubt and uncertainty.  Many of his statements, too,
are plainly partial and colored.  As was well said by
the learned judge, in his opinion on the motion, "Taking
his evidence alone, and giving it full credit, there would
be great doubt what the truth of the matter was."  On
his own evidence a jury might well have found that a
right of recovery was not established.  A party may
now state his own case, and when he is conversant with
all the facts, he ought to be able to make his right of
action entirely plain.  The plaintiff's case was not free
from doubt, on his own testimony.

But it wholly failed, for want of preponderance of
proof, when considered with the evidence on the part of
the defence.  Two witnesses, who were conversant with
all the facts — the defendant and the plaintiff's former
wife — state distinctly and unequivocally, that the money
passed as a payment.  They are clear, exact and circum-
stantial in their evidence.

Unlike the plaintiff's case on his testimony, their case
on their evidence is not in doubt.  They both testify to
the agreement to purchase the house and lot, state the
price agreed to be paid, and say distinctly that the money

claimed by the plaintiff was delivered to the defendant, and was accepted by him in part payment. The preponderance of evidence is very manifestly with the defendant. On the case made at the trial the verdict is clearly against conscience, and the judge was right in setting it aside and ordering a new trial ; and he would have been justified in so doing without imposing terms, in a case of such manifest injustice.

The order appealed from must be affirmed, with $10 costs ; and the defendant must have twenty days after service of a copy of the order of affirmance, within which to comply with the condition of the order appealed from.

MILLER, P. J. I concur. Independent of any other view of the question, I think the judge who tried the cause, and heard the witnesses testify, was better qualified to determine whether the jury were misled, than any other tribunal ; and as he exercised his discretion judiciously and properly, this court should not interfere.

BOARDMAN, J., also concurred.

Order affirmed, with $10 costs.

[THIRD DEPARTMENT, GENERAL TERM, at Albany, March 12, 1874. *Miller, Bockes* and *Boardman,* Justices.]