The New York and Brooklyn Ferry Company, Appellant, *v.* John H. Moore et al., Respondents.

The New York Ferry Company, Appellant, *v.* The Same, Respondents.

(Argued March 22, 1886; decided April 13, 1886.)

These were actions to recover moneys alleged to have been received by defendant, John H. Moore, for tolls while in the employ of plaintiff as ferry master, and to have been converted by him and invested in real estate, or deposited in his own name and in the name of his mother, in various savings banks, who were made defendants. The actions were consolidated and tried together. Plaintiff's evidence was to the effect that the father of defendant, John H. Moore, was a day laborer, his mother a washerwoman, and, up to the death of the former, they were apparently in straitened circumstances. Said defendant entered the employ of the plaintiff in the first entitled action in 1866 as a night watchman; he had served in the army during the war; his bounty money and part of his pay he sent to his mother, who deposited it in a savings bank in their joint names. The amount of such deposits, January 1, 1867, was $699.65. After his return and before his employment by plaintiff he drove a truck, his wages being $7 per week. When he applied to plaintiff for employment he represented himself and mother as very poor and unable to live on his wages. His salary at first was $50 per month. He was appointed ferry-master in 1870 and remained in their employ until 1883, a portion of the time receiving $75, and a portion $85 per month. Soon after entering such employment he and his mother began to live in better style and to deposit money in various savings banks, depositing each year more than the amount of his salary. At the time of his discharge he had on deposit in six savings banks, in his own name or in the name of himself and mother about $30,000, and had invested $15,350 in real estate. He had no other business and no other apparent means of earning money than his employment. On several occasions he was seen by witnesses, just before leaving

the ferry-house at the close of his day's labor, to take money from the money drawer and put it in his pocket and put the balance of the money in the drawer in a bag to be taken to plaintiff's office. When asked at the time of his discharge he denied that he ever had any bank account or savings bank book, and made other false statements. A warrant was procured, upon which he was arrested. He attempted to escape from the officers, probably to get into his house before he was arrested, but, before he could get there, was arrested; whereupon he offered to give the officers $500 if they would let him go into the house for a moment. On being arrested four savings bank books were found in one of his pockets, and the reasonable inference for his anxiety to get into the house was to conceal them. Plaintiff's receipts at the toll-house for the month after Moore's discharge were much more than for the same month the year preceding, although there was no more travel. Moore did not offer himself as a witness in his own behalf. The Special Term found that Moore had collected and received large sums for plaintiffs, which he did not pay over but fraudulently converted, amounting at least to $22,869.68, and charged the same as a trust upon the deposits and the real estate. The General Term reversed the judgment " on questions of law only," on the ground that there was no evidence warranting the findings that plaintiff had lost any money, or that Moore had wrongfully retained or embezzled any. *Held* error ; that the evidence was sufficient to sustain the findings of the Special Term and justified the judgment.

*William C. De Witt* and *Joseph A. Burr, Jr.,* for appellant.

*James M. Smith* for respondent.

EARL, J., reads for reversal of order of General Term and affirmance of judgment of Special Term.

All concur.

Judgment accordingly.