THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM E. BRIGGS et al., Appellants.

In an action brought by the dairy commissioner in the name of the People to recover the penalty imposed by the act of 1885 " to prevent deception in the sale of dairy products " (Chap. 183, Laws of 1885), for a violation of one of the provisions of the act (§ 7), which by the terms of the act (§ 21), does not apply " to any product manufactured or in process of manufacture at the time of the passage of this act; " it is not necessary for plaintiff to prove that the product in question was manufactured after the passage of the act; the burden is upon the defendant seeking the benefit of the exception to bring his case within it.

The complaint in such an action charged in one count both possession and sale of the prohibited article and violations of sections 7 and 8 of the act. At the opening of the trial defendants moved for a direction that plaintiff separate the allegations charging possession and sale so as to present them as separate and distinct causes of action, and that plaintiff be required to elect upon which one of such causes he would rely; also, to direct a separation of the cause of action based upon the provisions of section 7 from that founded on section 8. *Held,* that these motions were addressed to the discretion of the trial court, and its decision thereon was not reviewable here.

The court was requested, and declined, to charge the jury that they must be satisfied beyond a reasonable doubt of the violation by defendants before they could find against them. *Held,* no error.

Reported below, 47 Hun, 266.

(Argued March 14, 1889; decided March 26, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made January 23, 1888, which affirmed a judgment in favor of plaintiff, entered upon a verdict and an order denying a motion for a new trial.

This action was brought by the dairy commissioner under the act (Chap. 183, Laws of 1885, § 19), to recover the penalty there fixed for alleged violations of sections 7 and 8 of the act.

The material facts are stated in the opinion.

*Albert Reynaud* for appellants.· In an action for a penalty, by the state, under a criminal statute, the evidence for the People must establish the violation beyond reasonable doubt. (*U. S.* v. *Chaffe*, 18 Wall. 515, 545; *U. S.* v. *Brig Burdette*, 9 Pet. 682, 687; *The Mohler*, 21 Wall. 230; *White* v. *Comstock*, 9 Vt. 405; Cooley Const. Lim. 320; *Tifft* v. *Griffin*, 5 Ga. 185; *Groesbeck* v. *Lesley*, 13 Mich. 329; *Thurtell* v. *Beaumont*, 1 Bing. 339; *Wilmet* v. *Harmer*, 8 C. & P. 695; *Chalmes* v. *Schackell*, 6 id. 496; *McConnell* v. *Del. & Ins. Co.*, 18 Ill. 228; *Lexington Ins. Co.* v. *Paver*, 16 Ohio St. 324; *Stradden* v. *Mulvane*, 17 id. 604; *Wonderly* v. *Nokes*, 8 Blackf. 589; *Bissel* v. *West*, 35 Ind. 54; *Tucker* v. *Call*, 45 id. 31; *Lauter* v. *McEwen*, 8 Blatchf. 495; *Ellis* v. *Lindley*, 38 Iowa, 461; *Fountain* v. *West*, 23 id. 1; *Polston* v. *See*, 54 Mo. 29; *Clark* v. *Dibble*, 16 Wend. 601; *Hopkins* v. *Smith*, 3 Barb. 592, 602; *Woodbeck* v. *Keller*, 6 Cow. 118; *Berckmans* v. *Berckmans*, 17 N. J. Eq. 453; *Taylor* v. *Morris*, 22 id. 606; *Steinman* v. *McWilliams*, 6 Penn. St. 170; *Gorman* v. *Sutton*, 32 id. 247; *Coulter* v. *Stewart*, 2 Yerg. 225; *Freeman* v. *Freeman*, 31 Wis. 235; *Mix* v. *Woodward*, 12 Conn. 262, 288; *Warner* v. *Comm.*, 2 Va. Cas. 105; *Dwinels* v. *Aikin*, 2 Tyl. 75; Stephens Dig. Ev. 98.) Proof beyond doubt is required even in actions between private parties. (Taylor·on Ev. 97a; Bishop on Mar. and D. § 844; Stevens' Ev. art. 94; 2 Greenl. on Ev. §§ 408, 426; 2 Starkie on Slander, 100, 101; Cooke on Def. 164, 165; Townshend on

Slander, § 404; 2 Leigh Nisi Prius, 1239; 2 Arch. Nisi Prius, 284; 2 Stephen's Nisi Prius, 2084, 2252, 2253; Best on Right to Begin, 51, note 2; 1 Hill on Torts, § 46; 2 Add. on Torts, § 1163; 1 Am. Lead. Cas. 164, 189; Wood on F. Ins. §§ 101, 504, 506; *Gants* v. *Vinard*, 1 Smith, 287; 1 Cart. 476; *Shoulty* v. *Miller*, 1 Smith, 395; 1 Cart. 554; *Landis* v. *Shanklein*, Id. 92; *Snails* v. *Butcher*, 2 id. 84; *Lauter* v. *McEwen*, 8 Blackf. 495; *McGlenery* v. *Keller*, 3 id. 488; *Offutt* v. *Earlywine*, 32 Am. Dec. 40; *Byrket* v. *Monohan*, 41 id. 212; *Tucker* v. *Call*, 45 Ind. 31; *Wilson* v. *Barnett*, Id. 163; *Polston* v. *See*, 54 Mo. 291; *Steinman* v. *McWilliams*, 6 Pa. 170–177; *Gorman* v. *Sutton*, 32 id. 247; *Darling* v. *Banks*, 14 Ill. 46; *Crandall* v. *Dawson*, 1 Gilman, 556; *Mix* v. *Woodward*, 12 Conn. 262; *Park* v. *Blackniston*, 3 Harr. 373–378; *Merk* v. *Gelzhaeuser*, 50 Cal. 631; *Newbit* v. *Statuck*, 58 Am. Dec. 706; *Seeley* v. *Blair*, Wright, 683; *Steele* v. *Phillips*, 10 Humph. 461; *Dwinels* v. *Aiken*, 2 Tyler, 78; *Clark* v. *Dibble*, 16 Wend. 601; *Hopkins* v. *Smith*, 3 Barb. 592–602; *Bissell* v. *Cornell*, 24 Wend. 354; *Stegall* v. *Stegall*, 2 Brock. 257; *Phillips* v. *Allen*, 2 Allen, 453; *Sullivan* v. *Kelly*, 3 id. 148; *Cross* v. *Cross*, 3 Paige, 139; *Hemmenway* v. *Towner*, 1 Allen, 209; *Van Aernam* v. *Van A.*, 1 Barb. Ch. 375; *Van Tassel* v. *N.*, 18 N. W. Rep. 328; *Baker* v. *State*, 47 Wis. 111; *Berckmans* v. *Berckmans*, 17 N. J. Eq. 453; *Freeman* v. *Freeman*, 31 Wis. 235; *Cooper* v. *Cooper*, 10 La. [O. S.] 249; *Edmonds' Appeal*, 57 Pa. 232; *Caton* v. *Caton*, 7 Eccl. & Mar. Cas. 15; *Purcell* v. *Purcell*, 4 H. & M. 507; *Mehle* v. *Lapeyrollerie*, 16 La. Ann. 4; *Henderson* v. *Henderson*, 88 Ill. 248; *McConnell* v. *Del. Ins. Co.* 18 id. 288; *Lexington* v. *Paver*, 16 Ohio, 334; *Pryce* v. *Security Ins. Co.*, 29 Miss. 276; *Buttman* v. *Hobbs*, 35 Me. 227; *Schultz* v. *Pacific Ins. Co.*, 2 Ins. L. J. 495; *Brooks* v. *Clayes*, 10 Vt. 37; *Riker* v. *Hooper*, 35 id. 457; *Mason* v. *Shay*, 3 Am. L. Rec. 435; *Barton* v. *Thompson*, 26 Am. Rep. 131; *Thayer* v. *Boyle*, 30 Me. 475; *Taylor* v. *Morris*, 22 N. J. Eq. 606; *Conover* v. *Van Mater*, 18 id. 481; *Poppleton* v. *Nelson*, 20 Rep. [Ore.] 151; *Pheltiplace* v. *Sayles*, 4 Mass. 312; *Gould*

v. *Gould,* 3 Story, 537 ; *Hubbard* v. *Turner,* 2 McLean, 510 ;
*McBee* v. *Fulton,* 47 Md. 403 ; *Ransom* v. *Christian,* 51 Ga.
351 ; *Ferguson* v. *Ferguson,* 1 Sandf. 307 ; *Richards* v.
*Turner,* 1 C. & M. 414 ; *Smith* v. *Kay,* 7 H. of L. Cas. 750 ;
*Hercules* v. *Hunter,* 15 Ct. of Sess. Cas. 800 ; *Richardson* v.
*Canada West Co.,* 16 N. C. Com. P. 436 ; *Kane* v. *H. Ins.
Co.,* 39 N. Y. 699 ; *Blaeser* v. *M. Ins. Co.,* 37 Wis. 38.)

*William P. Quin* for respondent.    If the appellants
claimed that the product sold by them had been manufac-
tured, or was in process of manufacture on April 30, 1885, it
was a defense which they were bound to plead and prove.
(*People* v. *Kibler,* 106 N. Y. 324; *People* v. *West,* Id. 297 ;
*Harrison* v. *White,* 81 id. 532 ; *Fleming* v. *People,* 27 id.
334 ; *Schwab* v. *People,* 4 Hun, 523.)    This is a civil action
and not a criminal prosecution.    (*Amerman* v. *Kall,* 34 Hun,
126 ; *People* v. *Hill,* 44 id. 472; *Hoyer* v. *Town,* 59 Ill. 138 ;
*State* v. *Hading,* 32 Wis. 663 ; *Hitchcock* v. *Munger,* 15
N. H. 105 ; 3 R. S. [Banks' 6th ed.] 768.)    A preponderance
of evidence is sufficient and the respondent was not obliged to
prove the violation of the statute beyond a reasonable doubt.
(*Aeby* v. *Rapelye,* 1 Hill, 9 ; Abbott's Trial Ev. 495, note 1 ;
*Johnson* v. *Agricultural Ins. Co.,* 25 Hun, 253, 254 ; *New
York & Brooklyn Ferry Co.* v. *Moore,* 102 N. Y. 667
18 Abb. N. C. 119 ; *Slocovitch* v. *Oriental Mutual Insur-
ance Co.,* 108 N. Y. 66 ; *New York Guar. and Ind. Co.* v.
*Gleason,* 78 id. 513 ; *Hitchcock* v. *Munger,* 15 N. H. 97 ;
*U. S.* v. *Brig Burdette,* 9 Pet. 683 ; *The Mohler,* 21 Wall.
230, 231 ; *Chaffee* v. *U. S.,* 18 id. 516 ; *Lilienthal* v. *U. S.,*
97 U. S. 237, 239, 255, 264–268 ; 3 Greenlf. Ev. [8th ed.]
§ 29 ; 1 Taylor Ev. [6th ed.] 372 ; 2 Whart. Ev. § 1245 ;
*Gordon* v. *Parmelee,* 15 Gray [Mass.] 266–268, 413, 415 ;
*White* v. *Comstock,* 6 Vt. 409 ; *Kane* v. *Hibernia Ins. Co.,* 39
N. J. Law, 697, 699 ; *Welch* v. *Jugenheimer,* 56 Iowa, 11, 16 ;
*Cooper* v. *Slade,* 6 H. L. 746 ; *Hertell* v. *Beaumont,* 1 Bing.
339 ; *Chalmers* v. *Shackell,* 6 C. & P. 479 ; *Willmett* v. *Har-
mer,* 8 id. 679 ; *Kincade* v. *Bradshaw,* 3 Ga. 63 ; *Wonderly*

v. *Noyes,* 8 Blackf. 589; *Lewis* v. *Garretson,* 56 Iowa, 280; *Fountain* v. *West,* 23 id. 16; *Ellis* v. *Lindsley,* 38 id. 462; *Ellis* v. *Buzzell,* 60 Me. 214; *Sparry* v. *Wilcox,* 1 Metc. 269; *Folsom* v. *Brawn,* 25 N. H. 123; *Lexington Ins. Co.* v. *Paver,* 16 Ohio, 331; *Lyon* v. *Fleahmann,* 34 Ohio St. 154; *Jones* v. *Greaves,* 26 id. 5; *Steinman* v. *McWilliams,* 6 Penn. St. 177; *Gorman* v. *Sutton,* 32 Penn. 248; *S. M. F. Ins. Co.* v. *Usaw,* 112 id. 90; *Colter* v. *Stuart,* 2 Yerg. 225; *Mills* v. *Goodyear,* 4 Lea, 239; *Berckmans* v. *Berckmans,* 17 N. J. Eq. 455; *Smith* v. *Smith,* 5 Oreg. 186; *Blaiser* v. *M. M. M. Co.,* 37 Wis. 31; *Poertner* v. *Poertner,* 66 id. 648; *Freeman* v. *Freeman,* 31 id. 235; *McConnell* v. *D. M. S. Ins. Co.,* 18 Ill. 233; *Hall* v. *Barnes,* 82 id. 228; *Lewis* v. *People,* Id. 106; *Continental Ins. Co.* v. *Joehriehea,* 110 Ind. 60–65; *Ætna Ins. Co.* v. *Johnson,* 11 Bush, 592; *Hoffman* v. *West,* 1 La. An. 219; *Rothchild* v. *Am. Cent. Ins. Co.,* 62 Mo. 361; *Simmons* v. *Ins. Co.,* 8 W. V. 498; *Mead* v. *Husted,* 52 Conn. 59; *Elliott* v. *Van Buren,* 33 Mich. 51; *Marsh* v. *Walker,* 48 Tex. 379; *Bradish* v. *Bliss,* 35 Vt. 329; *Whitman* v. *Bryant,* 49 id. 512; *Howlowitz* v. *Kass,* 23 Blatch. 398; *3,380 Boxes* v. *U. S.,* 9 Saw. 304; *Knowles* v. *Scribner,* 57 Me. 495; *Mills* v. *Goodyear,* 4 Lea, 238; 10 Am. Law Rep. 642.) There is no distinction between actions brought by the state and those instituted by individuals as to the rules of evidence. (*Lilienthal's Tobacco* v. *U. S.,* 97 U. S. 237; *3,380 Boxes* v. *U. S.,* 9 Saw. 304; *Lewis* v. *People,* 82 Ill. 106.) The motion to compel the separation of the allegations of the complaint into different counts, and require the respondent to elect as to the cause of action for possession of sale, was properly denied. (*Bowland* v. *People,* 25 Hun, 425–427; 90 N. Y. 678; *Bork* v. *People,* 91 id. 13; *Commonwealth* v. *Nichols,* 10 Allen, 199; *Everitt* v. *Conkling,* 90 N. Y. 646; *Walters* v. *Continental Ins. Co.,* 5 Hun, 343; 2 R. S. 480–482, §§ 1, 3, 10; *Allen* v. *Patterson,* 7 N. Y. 476; *People* v. *Tweed,* 63 id. 199, 201; *Longworthy* v. *Knapp,* 4 Abb. Pr. 117; *Goodrich* v. *People,* 19 N. Y. 574; *Osgood* v. *People,* 39 id. 449; *Hawker* v. *People,* 75 id. 490; *Gold-*

*berg* v. *Utley*, 60 id. 428; Laws of 1886, chap. 577, § 23; *People* v. *Briggs*, 39 Hun, 653.)

BRADLEY, J. The right to maintain this action is dependent upon the statute, which, at the time in question, provided that no person " shall render or manufacture out of any animal fat or animal or vegetable oils not produced from unadulterated milk or cream from the same, any article or product in imitation or semblance of or designed to take the place of natural butter or cheese produced from pure, unadulterated milk or cream of the same, nor shall he   *   *   *   mix, compound with, or add to milk, cream or butter, any acids or other deleterious substance or any animal fats or animal or vegetable oils not produced from milk or cream, with design or intent to render, make or produce any article or substance or any human food in imitation or semblance of natural butter or cheese, nor shall he sell, keep for sale, or offer for sale any article, substance or compound made, manufactured or produced in violation of the provisions of this section, whether such article, substance or compound shall be made or produced in this state or in any other state or country." (Laws of 1885, chap. 183, § 7.) And that " no person shall manufacture, mix or compound with or add to natural milk, cream or butter any animal fats or animal or vegetable oils, nor shall he make or manufacture any oleaginous substance not produced from milk or cream, with intent to sell the same for butter or cheese made from unadulterated milk or cream, or have the same in his possession, or offer the same for sale with such intent, nor shall any article, substance or compound so made or produced, be sold for butter or cheese, the product of the dairy. If any person shall coat, powder or color with annatto or any coloring matter whatever, butter or oleomargarine, or any compounds of the same, or any product or manufacture made in whole or in part from animal fats or animal or vegetable oils, not produced from unadulterated milk or cream, whereby the said product, manufacture or compound shall be made to resemble

butter or cheese, the product of the dairy, or shall have the same in his possession, or shall sell or offer for sale or have in his possession any of the said products which shall be colored or coated in resemblance of or to resemble butter or cheese, it shall be conclusive evidence of an intent to sell the same for butter or cheese, the product of the dairy." (Id. § 8.) Each of the above sections also provided that the violation of its provisions should be a misdemeanor, punishable as therein mentioned. And the statute further provided that any person who should violate any of the provisions of those sections should, in addition to the fines and punishments therein prescribed, forfeit and pay a penalty of $500, to be recovered in an action to be prosecuted by the dairy commissioner, in the name of the People of the state of New York. (Id. § 19.) And that such section 7 should not apply to any product manufactured or in process of manufacture at the time of the passage of the act. (Id. § 21.) This action was brought in the manner so provided, to recover the penalty for the alleged violation of the provisions of such statute, in that the defendants had in their possession, with intent to sell, and sold as butter, the product of the dairy, that which was not such, but came within the prohibition of the statute. And upon the trial evidence, upon the part of the plaintiffs, was given tending to prove that the defendants, on May 25, 1885, had in their possession, at their store in the city of New York, with intent to sell as butter the product of the dairy, a product which was not butter made from milk or cream of the same, but had been made out of some animal fat not produced by unadulterated milk or cream and which was colored by some coloring matter, whereby it was made to resemble butter, the product of the dairy, and at that time and place the defendants sold and delivered to a person named, one pound of such product as and for butter, the product of the dairy. There was a conflict of evidence produced by that adduced on the part of defendants. The plaintiffs had a verdict for the amount of the penalty, upon which judgment was entered January 4, 1887.

The constitutionality of the statute in question is not now an open question. The principles applicable and controlling in that respect were involved in and have been determined by adjudications in support of the statute. (*People* v. *Arensberg*, 105 N. Y. 123; *People* v. *West*, 106 id. 293; *People* v. *Kibler*, Id. 321.) And the amendments to the sections 7 and 8, made by chapter 458 of the Laws of 1885, and by chapter 577 of the Laws of 1886, did not alter their provisions essential to the purpose of this section. And, therefore, such provisions will be deemed to have continued without interruption, notwithstanding the amendments were made by the taking of the sections into the amendatory acts and making them a part of the new statute. (*Ely* v. *Holton*, 15 N. Y. 595; *People ex rel. C. Nat. Bk.* v. *Bd. of Supervisors*, 67 id. 109.)

At the close of the evidence the defendants' counsel moved that the complaint be dismissed, because it was not made to appear by evidence that the product in question had been manufactured or was not in process of manufacture on April 30, 1885, which was the time when the act, which took effect immediately, was passed. No evidence was given upon that subject. And it is contended that this was a fact essential to recovery, and that the burden was with the plaintiffs to establish it by evidence. This provision of section 21 is not in the nature of a condition precedent to the right of recovery in the sense applicable to that term, but is a saving clause excepting from the operation of section 7 the product not wholly manufactured after the passage of the act. In such case, and in view of the fact that the party having the article in his possession, and dealing in it, may be supposed to have the means, which the plaintiffs have not, of tracing the product to the time of its manufacture, it is, and in this case it was, matter of defense, and for the defendants to establish by way of relief from the prohibitory provisions of the statute. (*Sheldon* v. *Clark*, 1 Johns. 513; *Potter* v. *Deyo*, 19 Wend. 361; *Fleming* v. *People*, 27 N. Y. 329; *Harris* v. *White*, 81 id. 532; *People* v. *Kibler*, 106 id. 321.) The motion was, therefore, properly denied, and there was no error in the charge as made

upon the subject of the burden of proof, which was with the defendant.

The court was requested and declined to charge the jury that they must be satisfied, beyond a reasonable doubt, of the violation by the defendants, before they could find against them, and charged that they might so find upon a preponderance of evidence. And exceptions were taken. The proposition uniformly applied in criminal cases, which gives to the accused the benefit of any reasonable doubt, has, in some of the United States, and in others not, been deemed applicable to civil actions in which is involved for determination that which might be the subject of criminal prosecution.

We have examined the numerous reported cases of the several states and England and the text-books cited by counsel, and some other cases, upon this question, and think that in civil actions the rule that the preponderance of evidence is sufficient to warrant the finding of the fact in which is involved the charge of such character, has the support of the better reason. This question was well considered at the General Term, and it is deemed unnecessary to here specifically refer to the many cases on the subject. In this state there are but few reported cases in which the question was considered. In *Woodbeck* v. *Keller* (6 Cow. 119), which was an action of slander, upon the charge of perjury, the defendant sought to justify, and the court there said that the evidence must be the same as required to convict a defendant on an indictment for perjury; that there must be either evidence of two witnesses, or of one witness corroborated by material and independent circumstances, to establish the fact. And while there indicating and substantially declaring the doctrine contended for by defendants' counsel, the question did not necessarily arise in that case to the extent to require the determination whether or not the fact must be established beyond a reasonable doubt. And in *Clark* v. *Dibble* (16 Wend. 601) and *Hopkins* v. *Smith* (3 Barb. 599), the court was content with the citation of the *Woodbeck Case* on that proposition. The judicial declaration of that doctrine in England was fol-

lowed by the courts, in some cases, in this country. This remark is more applicable to the earlier than to more recent cases. In the later cases where the question has arisen, the rule in that respect applicable to criminal cases had not been applied to civil actions in this state. In *Johnson* v. *Agricultural Insurance Company* (25 Hun, 251), it was held that the preponderance of evidence was sufficient to support the defense that the fire which caused the injury to the insured property, the subject of the action upon the policy, was set by the fraudulent act of the plaintiff. In citing that case in *Seybolt* v. *New York, Lake Erie & Western Railroad Company* (95 N. Y. 569), the court did not express any opinion upon the question now under consideration. But in *New York & Brooklyn Ferry Company* v. *Moore* (102 N. Y. 667, fully reported in 18 Abb. N. C. 106), the court said: "There is no rule of law which requires the plaintiff in a civil action, when a judgment against the defendant may establish his guilt of a crime, to prove his case with the same certainty which is required in criminal prosecutions. Nothing more is required in such cases than a just preponderance of evidence, always giving the defendant the benefit of the presumption of innocence." The rule so stated is the proper one applicable to the measure of evidence in civil actions, and such seems to be the weight of authority. (See cases collected in note to *Sprague* v. *Dodge*, 95 Am. Dec. 525.) And there is no apparent reason for making any distinction in that respect in behalf of a defendant in an action for a penalty, in which the People are the party plaintiff. It is no less a civil action because so brought. The purpose of the action is not the punishment of the defendant in the sense legitimately applicable to the term, but such action is brought to recover the penalty as a fixed sum by way of indemnity to the public for the injury suffered by reason of the violation of the statute. The effect of the recovery is merely to charge the defendant with pecuniary liability, while a criminal prosecution is had for the purpose of punishment of the accused.

And the consequence of conviction may be more serious to him for the reason, if for no other, that it is deemed an imputation affecting his moral standing in a degree dependent, more or less, upon the nature of the crime. There is, therefore, some apparent reason for the application to criminal cases of the rule which continues the burden of proof on the prosecution throughout the trial, and requires that the evidence be such as to overcome all reasonable doubt of the guilt to justify conviction.

Only one other question was presented on the part of the defendants, and that arose upon motion made at the opening of the trial for direction that the plaintiff separate the allegations charging possession of the prohibited article, and the sale of it, so as to present them as separate and distinct causes of action; and that the plaintiff be required to elect upon which one of such causes he would rely in the action; also to direct a separation of the cause of action based upon the provisions of section 7 from that within those of section 8 of the statute. Whatever reasons may have been urged for or against the direction asked for, the most that can well be claimed on the part of the defendants is that such motions then made were addressed to the discretion of the trial court. (*Roberts* v. *Leslie*, 14 J. & S. 76.) That is not reviewable here.

The judgment should be affirmed.

All concur.

Judgment affirmed.