## FITTON *v.* BROOKLYN CITY R. Co.

### (*City Court of Brooklyn, General Term.* May 27, 1889.)

1. DAMAGES—PERSONAL INJURIES—EVIDENCE.

   Evidence that plaintiff, since the accident in which she received the injuries complained of, was subject to fainting spells, suffered pain, experienced difficulty in eating, walking, etc., is admissible, where there is evidence that such results may follow from the injuries received by plaintiff.

2. SAME—EXCESSIVE DAMAGES.

   Where it appears that before the accident plaintiff was a strong, healthy woman, with a florid complexion, and that afterwards she was pale and sickly, and there is evidence that her injuries are permanent, a verdict for $4,000 will not be set aside as excessive.

3. APPEAL—REVIEW—WEIGHT OF EVIDENCE.

   A verdict founded on the testimony of three witnesses, who are contradicted by six witnesses on the other side, is not necessarily against the weight of evidence.

Appeal from trial term.

Action by Martha E. Fitton against the Brooklyn City Railroad Company for damages for personal injuries. Defendant appeals from a judgment entered on verdict in favor of plaintiff, and from the order denying its motion for a new trial. The testimony at folios 34, 37–42, and 44–47, referred to in the opinion, was to the effect that plaintiff had since the accident suffered from fainting spells, and pains, etc., and experienced difficulty in eating, walking, or riding on cars. This evidence was admitted, subject to defendant's right to move to strike it out if it was not connected. The questions at folios 173–180, referred to in the opinion, were put to a physician, and related to the condition of plaintiff's womb, what were the pains attendant upon a displacement thereof, and as to her general condition of health before the accident.

Argued before CLEMENT, C. J., and OSBORNE, J.

*Morris & Pearsall,* for appellant. *Goodrich, Deady & Goodrich,* for respondent.

CLEMENT, C. J. The plaintiff was a passenger on the Flushing avenue line of the defendant, shortly after 6 o'clock on the morning of December 30, 1887, and testified that near the corner of Flushing and Marcy avenues she requested the conductor to stop the car; that he rang the bell, and the car was stopped; and that, while she was in the act of stepping from the car, it was suddenly started, whereby she was thrown down, and was injured for life. The witnesses for the company testified that the plaintiff stepped off the car before it was stopped, and in that way was thrown down; and it was also claimed by the defense that the injuries received by the plaintiff, as the result of the fall, were trivial. The first point claimed by the defense is that the verdict was against the weight of evidence, but we cannot so hold. The plaintiff is corroborated substantially by two witnesses, Donney and Mrs. Smith, on the main point in the case, viz., that the car was stopped, and then suddenly started. For the defendant, Gulicksen, the conductor, McDermott, the driver, and four other witnesses, all testified that the car did not stop at all, not even after the plaintiff was thrown down, and yet the conductor reported, at the end of his trip, to the company, that the car was stopped at once after the accident. All the witnesses in the case agree that plaintiff fell in alighting from the car, and the question in dispute was whether the car was stopped, and then suddenly started. It could be fairly argued to the jury that the conductor was not to be believed on account of the contradiction between his testimony and the report. While it is true that six witnesses testify that the car did not stop, and three that it did, yet, if the jury saw fit to believe the testimony offered by the plaintiff's side, (the three,) we cannot say that their verdict was against the evidence. We think that the testimony of-

fered at folios 34, 37–42, and 44–47, was competent, for the reason that Dr. Winter testified that such results may follow from the injury received by plaintiff, and plaintiff further testified that she had been well before the time she was injured. The exceptions at folios 173 to 180 were not well taken, for the testimony offered was clearly admissible.

It is also claimed that the verdict found by the jury, for the sum of $4,000, was excessive. It was shown by the plaintiff and her witnesses that before she was injured she was a strong, healthy woman, and had a florid complexion, and that afterwards, and down to the time of the trial, she was pale and sickly, and we think the evidence was sufficient to submit to the jury the question whether or not she was permanently injured as the result of her fall from the car. There is no doubt from the medical testimony, that the plaintiff, after the fall, was suffering from womb troubles, and whether that was due to such fall, or came upon the plaintiff from other causes, was also a question to be passed upon by the jury. If the plaintiff was injured for life through the carelessness of the conductor of the car, then the verdict was not excessive. Judgment and order denying a new trial affirmed, with costs.

OSBORNE, J., concurs.