## SCHICK *v.* BROOKLYN CITY R. CO.

*(City Court of Brooklyn, General Term.* June 23, 1890.)

APPEAL—REVIEW—WEIGHT OF EVIDENCE.

    A verdict for plaintiff for personal injuries, rendered on the testimony of herself and one other witness, as against that of seven opposing witnesses, will not be disturbed as against the weight of evidence, when the testimony for defendant is contradictory, and shows circumstances tending to support plaintiff's theory of the accident.

    Appeal from trial term.

    Action by Bettie Schick, an infant, against the Brooklyn City Railroad Company. Verdict and judgment for plaintiff, from which defendant appeals.

    Argued before VAN WYCK and OSBORNE, JJ.

    *Moore & Wallace,* for appellant. *B. F. Straus,* for respondent.

    VAN WYCK, J. The only question raised on this appeal is that the verdict for plaintiff is against the weight of evidence. Plaintiff rested her case as to how the accident occurred upon the testimony of herself and Lena Bloch, her companion on the car. Their testimony was to the effect that the conductor was signaled to stop, and that he blew his whistle, and the car came to about a standstill, and, as she was about to step off, he blew his whistle, and the car started and threw her off. The defendant produced seven witnesses for the purpose of throwing light on this accident, and contradicting the story of the plaintiff and her companion, and now insists that their testimony demonstrated that the verdict is against the weight of evidence, and should not be allowed to stand. The largest number of witnesses will not necessarily create fair preponderance of evidence over that of a smaller number. A fair preponderance in this connection means evidence of such character and weight as will carry conviction to the minds of the jurors of the existence of the facts sought to be proven. This requires of us a careful examination of the testimony in this case. We have read it all critically, and find in the testimony of defendant's witnesses circumstances that tend to corroborate the testimony for plaintiff, and to weaken the statements of defendant's witnesses, as well as contradictions of the statements of plaintiff's witnesses. The conductor's employment is some evidence of his bias, besides his story is in conflict in some respects with that of other witnesses for the defendant, and has some of the ear-marks of probability. He says, immediately after he was signaled to stop the car, he blew his whistle for that purpose, and that instantly before it stopped plaintiff made a running jump from the body of the same while it was in motion, and while both of her hands were held by her companion, (witness Bloch.) Vogt says she fell backwards. Hirschberg says he is not certain the car was in motion. Saul Pass says he was engrossed with his newspaper, and did not see her leave the car, though he saw her on the ground. Schmidt says the same. Behring says she made a step down, and fell. We think the jurors, who had all the advantages of seeing and hearing these witnesses, were the best judges of the truth of the story told by plaintiff and Lena Bloch, or of the story presented by the defendant. Defendant's counsel did not move for a nonsuit, or ask for the direction of a verdict in its favor. This would seem to indicate that he at that time thought it was a proper case to submit to the jury. *Ross* v. *Colby,* 3 Hun, 546; *Barrett* v. *Railroad Co.,* 45 N. Y. 628, 632. We do not find that preponderance of evidence which calls upon us to disapprove of the verdict of the jury. The judgment and order appealed from must be affirmed, with costs.