LANGLOIS v. HAYWARD.

(*Supreme Court, General Term, Third Department.* February 18, 1891.)

NEW TRIAL—SUFFICIENCY OF EVIDENCE.

The appellate court will not reverse an order of a trial judge, setting aside a verdict for plaintiff, in an action for assault and battery, upon her own uncorroborated and positively contradicted testimony.

Appeal from circuit court, Clinton county.

Action by Elizabeth Langlois against Frederick F. Hayward, to recover damages for an alleged assault and battery committed by the defendant upon the plaintiff. Plaintiff appeals from an order setting aside a verdict in her favor, and awarding a new trial.

The only evidence in support of the verdict bearing upon the question of the assault was the testimony of the plaintiff. She is positively contradicted by the defendant, and his testimony is in part contradicted by two witnesses, who were present at the time of the alleged assault and battery.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Shedden & Booth,* (*J. F. Shedden,* of counsel,) for appellant. *Frederick F. Hayward,* for respondent.

MAYHAM, J. The granting of a new trial upon the minutes of the court rests in the sound discretion of the trial judge, and his determination should not be interfered with on appeal, unless it is apparent that that discretion was abused or improperly exercised. *Barrett* v. *Railroad Co.,* 45 N. Y. 628. We do not think that there was an abuse of that discretion in this case. The verdict rested solely upon the testimony of the plaintiff, wholly uncorroborated as to the assault. It is true that the doctor called by her as a witness says that the discoloration upon her arm might have been produced by the violent grasp of the hand, but he also says that it might have been produced in some other way, so that his evidence scarcely amounts to a corroboration of the plaintiff's upon that subject. The verdict being found upon the uncorroborated testimony of the plaintiff, the court might well set it aside and order a new trial, although her testimony, when taken by itself, might be sufficient, if uncontradicted, to prove her case. *Meddaugh* v. *Bigelow,* 67 Barb. 106. And this is especially true when the motion is made before and granted by the judge before whom the action was tried, who had the opportunity of observing the demeanor of the witnesses, and judging of the amount of credence to which they were entitled. In *Meddaugh* v. *Bigelow, supra,* the court says: "The judge who tried the cause and heard the witnesses testify was better

qualified to determine whether the jury was misled than any other tribunal, and, as he exercised his discretion, * * * this court should not interfere." It is true that the verdict of a jury, upon a disputed question of fact, should not be set aside when the evidence clearly supports the verdict, although from the evidence the court might have reached a different conclusion from that found by the jury. *Beckwith* v. *Railroad Co.,* 64 Barb. 299. But when the verdict is so decidedly against the weight of evidence that it is clear that the verdict is the result of sympathy, passion, or prejudice, the verdict will be set aside for that reason; and when the verdict is supported only by the testimony of an interested party, who is contradicted by the adverse party and two disinterested witnesses upon the material facts in dispute, and the trial judge, upon that proof, in the exercise of the discretion vested in him, sets aside the verdict, as against the weight of evidence, in such a case we think this court, on appeal, ought not to reverse the order. The order is affirmed, with costs. All concur.