Me Adam, J.
It appears that on September 3rd, 1891 the plaintiff was a passenger upon one of the defendant’s open cars on a trip to the Fulton ferry. At Beekman street, he told the conductor he wanted to get off at the ferry. As the car did not stop, the plaintiff stood up and while in the act of hailing the conductor, the car struck the curve on the switch, and the rapid and unexpected twisting motion of the car jostled the plaintiff down upon the step running along the side of the car, and his foot "was crushed by the hub of a truck with which the car collided, causing the injuries complained of. The plaintiff occupied the rear seat which faced the end of the car, and the conductor at the time the plaintiff arose was in the front part of the car attending to the indicator dial, so that the plaintiff could not attract the conductor’s attention, except by arising in the manner he did. He was merely exercising a lawful right and apparently guilty of *38 no negligence whatever, when the jolting of the car without any warning to him threw him off, whereby he suffered injury, etc.
The questions of negligence on the part of the defendant, and the absence,of contributory negligence on the part of the jury were by the verdict of the jury found upon satisfactory evidence in favor of the plaintiff, and they assessed his damages at the moderate sum of $700.
The only material exceptions urged are: (1) The court’s refusal to dismiss the complaint. (2) That the trial judge commented in his charge on the failure of the defendant to produce as witnesses the conductor and driver. The case was essentially one for a jury, so that the first exception is without merit. The second is equally without force for the comment was proper. It was a mere reference to a circumstance true in point of fact, and made in accordance with the rule that where a prima-facie case is made out by a plaintiff, it is strengthened by the failure of the defendant to produce material evidence peculiarly within his knowledge and control. Smith v. Gunn, 35 St. Rep., 429; Gibson v. National Park Bank, 98 N. Y., 95; People v. Briggs, 47 Hun, 266; 13 St. Rep., 365; aff’d, 114 N. Y., 56; 22 St. Rep., 317.
For these reasons, the judgment and order must be affirmed, with costs.
Freedman, J., concurs.