McAdam, J.
The plaintiff sued to recover $583.33 as-a balance due on a contract of employment comméncing June 16th, 1890, and continuing until January 1st, 1891, at the agreed compensation of $2,000 per year. The plaintiff testified to the contract as stated and to the performance of the required services under it. 'The defendant, on the other hand, denied the making of the al *850 leged contract, and insisted that the arrangement made with the plaintiff was of a temporary character looking forward to the formation of a safe deposit company, in which he expected to obtain permanent employment for the plaintiff at $2,000 per year; that, the plaintiff would have to take the chances of success in the matter; that in the meantime, while his services continued, he would pay him out of bis own pocket at the rate of $1,000 per annum; and that he paid the plaintiff under this arrangement all moneys to which he became entitled.
The father of the defendant corroborated this theory of the defense, while the plaintiff denied that any such understanding as. that insisted upon by the defendant was ever made. In short, there was a direct conflict in the evidence as to the facts. These-were submitted to the jury who found in favor of the plaintiff for the amount claimed.
Ro motion to dismiss was made at any stage of the case, nor was any request made to direct a verdict in favor of either side.
The defendant now insists that the verdict is against evidence and relies upon Meddaugh v. Bigelow, 67 Barb., 106, in which it was-held, that “If the plaintiff’s case is not free from doubt on his own testimony, and he fails for want of preponderance of proof when considered in connection with the evidence of two witnesses on the part of the defendant, who were conversant with all the facts and whose testimony in denial was clear and exact, the verdict in favor of plaintiff is clearly against conscience and the court is justified in setting it aside and ordering a new trial.” In that case the verdict had been set aside by the trial judge, and the appeal considered was from his order.
Judge Miller, concurring in the above, said: “Independent of any other view of the question, I think the judge who tried the cause, and heard the witnesses testify, was better qualified to determine whether the jury were misled, than any other tribunal; and as he exercised his discretion judiciously and properly, this court ought not to interfere.”
Where a motion for a new trial made on the minutes of the trial judge is entertained and granted by him, his discretion, if not abused, is for the reason stated by Judge Miller entitled to great weight and generally sustained. Langlois v. Hayward, 36 St. Rep. 59 ; Campanello v. N. Y. C. & H. R. R. R. Co., 39 St. Rep. 445 ; 15 N. Y. Supp., 670; Barrett v. Third Ave. R. R. Co., 45 N. Y. 628.
But in this case the trial judge denied the application for a new trial, which was in effect a determination by him.that the verdict-was satisfactorily sustained by the evidence, for which reason Meddaugh v. Bigelow, supra, is inapplicable and a different rule applies. The question of credibility of the witnesses is always for the jury. In determining the value and credibility of evidence, witnesses are to be weighed, not numbered, and the term preponderance of evidence generally signifies that,which satisfies the conscience and carries conviction to an intelligent mind.
In Freund v. Paten, 10 Daly, at p. 383, the court said, “If there are fewer doubts in the minds of the jury upon that side *851 of the case than upon the other, then such party is entitled to a verdict because a preponderance of evidence exists.”
In Styler v. L. I. R. R. Co., 75 Hun, 547; 58 St. Rep. 727, the jury found for the plaintiff on conflicting evidence, and the court held: “We must assume, therefore, that the testimony on the part of the plaintiff commanded the belief of the jury, and in that view the verdict cannot be disturbed.”
A party having the burden of proof generally maintains the issue, if the proof be such that its strength and value of character convinces a court or jury of his right to recover.
While the term “ preponderance ” literally means to outweigh, yet one witness whose testimony carries conviction outweighs for judicial purposes a dozen who tell a story which is incredible.
In Becker v. Koch, 104 N. Y. at p. 404; 5 St. Rep. 688, the court said: “ It is a good general rule that the credibility of a witness is matter for the jury, and the fewer technical obstructions there are to the practical operation of that rule the better.”
In Haskins v. Haskins, 9 Gray, 890, the court held: “ The J weight’ or 1 preponderance of proof,’ is a phrase constantly used, the meaning of which is well understood and easily defined. It indicates clearly to the jury, that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find that greater amount of credible evidence sustains the issue which is to be established before them.”
In criminal cases the evidence must produce a moral certainty of guilt and exclude every other hypothesis, hence the prisoner is entitled to the benefit of any reasonable doubt, but in civil actions it is sufficient where there is a preponderance of evidence in favor of the party supporting the issue, Freund v. Paten, 10 Daly, 379; N. Y. Guaranty Co. v. Gleason, 78 N. Y. at p. 513, and the rule as to reasonable doubt has no application thereto. N. Y. & B. Ferry Co. v. Moore, 102 N. Y. 667; 1 St. Rep. 374; S. C., 18 Abb. N. C. 106; People v. Briggs, 114 N. Y. at p. 65 ; 22 St. Rep. 317.
In civil cases a jury cannot be required to discard testimony which produces a rational belief, because it does not conclusively establish the fact to be proved. Watkins v. Wallace, 19 Mich. 57 ; 14 Eng. R. 378. The courts are not authorized to set aside a verdict simply because if they had been on the jury they would have found a different one, and it is not enough that the verdict may possibly be wrong, • but the court should be satisfied that after giving proper weight to all the evidence it cannot be right Sweeny v. The Mayor, 43 St. Rep. 642; 17 N. Y. Supp. 797. The mere fact that the witnesses for one side outnumber those on the other will not necessarily create a fair preponderance such as is necessary to require a verdict to be set aside as against its weight. A fair preponderance of evidence in this connection means evidence of such a character and weight as will carry conviction to the minds of the jurors of the existence of the facts sought to be proven. Schick v. Brooklyn City R. R. Co., 32 St. Rep. 245; 10 N. Y. Supp. 528; Fitton v. Brooklyn City R. R. *852 Co., 25 St. Rep. 948; 5 N. Y. Supp. 641; Hickenbottom v. Delaware, etc., R. R. Co., 15 St. Rep. 11.
Tested by these rules, the verdict was not against the weight or preponderance of evidence. It is sufficiently sustained by satisfactory proofs and the judgment and order appealed from must be affirmed with costs.
Sedgwick, C. J., and Freedman, J., concur.