Jane Weir, Respondent, *v.* Ætna Insurance Company, Appellant.

*Evidence — claim of loss under a fire insurance policy — defense of fraud — a preponderance of evidence sufficient.*

Upon the trial of an action brought to recover the damages resulting from a loss by fire under a policy of insurance issued by the defendant upon the plaintiff's stock and fixtures, the answer alleged, among other things, that the fire which caused the loss originated through the act, design or procurement of the plaintiff, and evidence was offered which tended to show that such was the fact. The court declined to charge the jury, as requested by defendant's counsel, that in order to sustain the defense the insurance company was not required to prove the commission of the offense beyond all reasonable doubt, as would be required in a criminal proceeding, but that it was the duty of the jury to find for the party in whose favor the evidence preponderated.

Previous to the making of this request the court had charged the jury generally, that if the plaintiff had been guilty of any fraud whatever in regard to her claim of loss under the policy, or had set fire to the property, or incited or per-

mitted another to do it, she could not recover, but the jury was not instructed as to the burden of proof nor as to the kind of testimony which it was essential for the defendant to produce in order to establish the defense.

*Held*, that the defendant was entitled to have the jury instructed on the point presented by the request, and that the refusal of the court to charge as requested was erroneous.

PRATT, J., dissenting.

APPEAL by the defendant, the Ætna Insurance Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 6th day of March, 1895, upon the verdict of a jury rendered after a trial at the Westchester Circuit, and also from an order entered in said clerk's office on the 7th day of March, 1895, denying the defendant's motion for a new trial made upon the minutes.

*Benno Loewy*, for the appellant.

*C. H. & J. A. Young & Terry*, for the respondent.

BROWN, P. J.:

This action was brought to recover upon a policy of fire insurance issued by the defendant upon the plaintiff's stock and fixtures in a store occupied by her at New Rochelle. Among other defenses the answer alleged that the fire which caused the loss originated through the act, design or procurement of the plaintiff, and the evidence offered to establish this defense was sufficient to have permitted the jury to find that the fire was the result of the act or procurement of the plaintiff.

The defendant's counsel requested the court to charge the jury that to sustain the defense of willful burning, the company was not required to prove commission of the offense beyond all reasonable doubt, as required in a criminal proceeding, but that it was the duty of the jury to find for the party in whose favor the evidence preponderated. This request was refused, and the defendant took an exception.

Prior to the making of the request, the court had charged the jury as follows:

" And I say to you, gentlemen, that if, under the evidence in this case, you are satisfied that this woman has made a false claim, has

been guilty of fraud, has exaggerated her claim, has sworn falsely as to the value of the property, she cannot recover.

"Now, she must not set fire to this property herself, even though it was full of goods, and there was no other fraud about it. You see at once that there could be no living in a society where a person assured could set fire to the property and then go to the insurance company and get money for it. That would not do. But it is provided in the policy that any fraud vitiates it; and I say to you that it is a fraud of the most extensive, far-reaching description for a woman to set fire to her own property. If this plaintiff set fire to this property, if she incited or permitted another to do it, beyond her immediate knowledge, she cannot recover one cent, no matter what her injury was."

The request correctly stated the law (*People* v. *Briggs*, 114 N. Y. 56), and as the jury had not been instructed as to the burden of proof, nor as to the quality and degree of testimony which it was essential for the defendant to produce in order to establish the defense of willful burning, we are of the opinion that it was entitled to have the jury instructed as requested.

The court's refusal to charge this request was, therefore, an error, for which the judgment must be reversed and a new trial granted, with costs to abide the event.

DYKMAN, J., concurred.

PRATT, J. (dissenting):

Both parties appointed appraisers and a time was set for their meeting. Plaintiff's appraiser attended and waited a reasonable time. When defendant's appraiser appeared later in the day, it is conceded by all parties that he did nothing towards appointing a future meeting, and one witness testifies that when his attention was called to that matter he said, "His time was too precious." He made an estimate of loss in company with plaintiff and made an agreement to settle, which defendant repudiated.

On these facts the Circuit judge left it to the jury to say whether the defendant had waived its right to a joint appraisal. The jury found such a waiver, we think, correctly.

We think the jury was right in finding that the company had waived its right to replace the goods. More than six weeks had

elapsed after the service of the proofs of loss before plaintiff disposed of the goods. Plaintiff could not be held to wait indefinitely for defendant to replace such goods or give notice of an intention to do so.

An objection is now urged to the admission in evidence of the proofs of loss. They were produced by the company upon notice, and defendant's counsel insisted that having thus procured and examined them, plaintiff was bound to put them in evidence. Plaintiff consented and the court ordered them put in evidence. Later, defendant claimed that such admission was error. If so, it was not one of which defendant could complain. No motion was made to strike out the proofs of loss. Moreover, an examination of the record shows that the only use made of the proofs of loss was as a memorandum by which to refresh the memory of the witnesses by whom the proofs of loss were prepared, for which purpose they were competent. (*Howard* v. *McDonough*, 77 N. Y. 592.)

The amount of the verdict is no greater than was warranted by the evidence.

The judgment should be affirmed, with costs.

Judgment reversed and new trial granted, costs to abide event.