## MUTUAL COAL CO. v. H. G. REALTY CO.

(Supreme Court, Appellate Term.   June 29, 1911.)

1. CONTRACTS (§ 141*)—INVALIDITY—VIOLATION OF CRIMINAL STATUTE—EVIDENCE.

The rule that a contract of sale, induced by the seller giving a secret commission to the buyer's agent, is void under Penal Law (Consol. Laws 1909, c. 40) § 439, punishing one giving to an agent any gratuity without

the knowledge of the principal, with intent to influence the agent's action, must be applied with great caution, and only where there is a clear preponderance of evidence establishing the seller's criminality.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1785; Dec. Dig. § 141.*]

2. CONTRACTS (§ 141*)—ILLEGALITY—PREPONDERANCE OF EVIDENCE.
   A defendant, seeking to set up as an affirmative defense the commission of a crime by plaintiff as an inducement to the making of the contract sued on, must establish the defense by a just preponderance of evidence.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1785; Dec. Dig. § 141.*]

3. CONTRACTS (§ 141*)—ILLEGALITY—BRIBE TO BUYER'S AGENT—EVIDENCE.
   In an action for the price of coal, the defense was that the seller offered to pay a commission on the deal to the defendant's agent, who made the purchase, in violation of Penal Law (Consol. Laws 1909, c. 40) § 439, making such an offer a misdemeanor, and was supported only by the testimony of the agent, who was shown to be on bad terms with the seller, and who admitted, not only that he agreed to accept the alleged bribe, but also that he had made similar arrangements in connection with sales to others. The seller flatly denied any such offer, and it was shown that the agent never attempted to collect the offered commission. *Held,* that the uncorroborated evidence of the agent was not sufficient to sustain the defense, so that a charge submitting the issue and pointing out the necessity of upholding the statute was unauthorized.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1785; Dec. Dig. § 141.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by the Mutual Coal Company against the H. G. Realty Company. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Hyman Cohen, Isidore Cohen, and Lawrence Cohen, for appellant. Thomas C. McDonald, for respondent.

GUY, J. Plaintiff appeals from a judgment entered upon the verdict of a jury in favor of the defendant and from an order denying plaintiff's motion for a new trial. Plaintiff sued to recover $493, the value of certain coal sold and delivered to defendant. Upon the trial defendant did not deny the making of the contract of purchase or the delivery, or the fact of nonpayment therefor, but relied solely upon the defense, set up in the answer, that the contract had been procured in violation of section 439 of the Penal Law, which provides that:

"Whoever gives, offers or promises to an agent, employé or servant, any gift or gratuity whatever, without the knowledge and consent of the principal, employer or master of such agent, employé or servant, with intent to influence his action in relation to his principal's, employer's or master's business, shall be guilty of a misdemeanor punishable by fine or imprisonment or both."

[1] In submitting the case to the jury the learned trial justice instructed them as to the law in accordance with the decision in Sir-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

kin v. 14th Street Store, 124 App. Div. 384, 108 N. Y. Supp. 830, charging them in effect that, if they found the agent of the plaintiff had offered the agent or servant of the defendant a commission to induce him to make the contract of purchase for this coal, the plaintiff could not recover. There can be no question that the rule of law laid down in the above-cited authority must govern the trial courts in cases of this character, even though it, in effect, enlarges the punishment under a penal statute. It must not be overlooked, however, that opportunity is thus given for the interposition of corrupt and dishonest defenses, in an effort by a purchaser to retain property for which he has given no value, and the title to which, because of the void character of the contract of sale, has not passed and could not have passed to him, but remains still in the seller. But this rule of law being so harsh in its effect, and the danger being so obvious that it may be resorted to for dishonest purposes, it is necessary that it should be applied with great caution, and only where there is a clear preponderance of evidence establishing the seller's criminality.

The only evidence in this case of a bribe having been offered by the agent for plaintiff to the agent of the defendant, as an inducing cause for the making of this contract of purchase, is the evidence of a real estate broker named Blau, who had general charge of defendant's apartment house, who admittedly was on bad terms with plaintiff's agent, because of previous disagreements resulting in litigation, and who proved himself unworthy of credence by his admission that he not only agreed to accept a bribe in connection with this contract, but that he had made similar arrangements for the acceptance of bribes in connection with sales of coal to other purchasers. His testimony is absolutely denied by the plaintiff's agent, and there is not a scintilla of evidence to corroborate Blau's testimony. On the contrary, the fact that no such commission was ever paid by plaintiff to Blau, and no effort made by Blau to collect the same, though, if his statements were true, he would have expected to receive a commission on the amount of the contract, and that from his testimony he evidently recognized the moral delinquency in accepting such commission, tends greatly to discredit his testimony, and leads to the conclusion that it has no basis in truth, but is the outgrowth of ill feeling toward the plaintiff, or a desire to commend himself to the generosity of the defendant.

In Woodbeck v. Keller, 6 Cow. 119, it is held that, in cases where the cause of action involves proof of the commission of a crime by the defendant, the fact must be established by a preponderance of evidence, and that—

"there must be evidence of two witnesses, or of one witness corroborated by material and independent circumstances, to establish the fact."

And while this rule has not been strictly followed in more recent cases, the Court of Appeals in New York & Brooklyn Ferry Company v. Moore, 102 N. Y. 667, 6 N. E. 293, fully reported in 18 Abb. N. C. 106, affirmed the doctrine that:

"When a judgment against the defendant may establish his guilt of a crime, * * * nothing more is required in such cases *than a just prepon-*

*derance of evidence, always giving the defendant the benefit of the presumption of innocence."*

[2] The same rule is recognized in People v. Briggs, 114 N. Y. 56, 65, 20 N. E. 820, and is equally applicable to a case where the defendant seeks to set up as an affirmative defense the commission of a crime or misdemeanor by the plaintiff as an inducement to the making of a contract. The evidence in this case does not establish defendant's affirmative defense by any such "just preponderance of evidence."

[3] On the contrary, the only evidence on behalf of the defendant is the uncorroborated testimony of a confessed malefactor, as opposed to the testimony in flat contradiction thereof by a witness for the plaintiff who stands otherwise unimpeached.

In my opinion, therefore, the verdict of the jury in this case, influenced, as it undoubtedly was, by the very strenuous charge of the court as to the necessity of upholding the penal statute, was not justified by the evidence; the preponderance of evidence being clearly in favor of the plaintiff as to the issue of fact set up as an affirmative defense.

The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.