## CLARK v. DIBBLE.

In *slander* for charging the plaintiff with perjury, a defendant, to support a justification, is bound to give as conclusive proof, as would be necessary to convict the plaintiff on an indictment for such offence.

Evidence that a woman is in an advanced state of pregnancy so that it would not be safe for her to attend the trial, is sufficient evidence of sickness to justify the reading of her deposition taken *conditionally.*

The regularity of the proceedings in taking the deposition cannot be questioned on a writ of error, if no objection of that kind was taken on the trial of the cause.

Where there is a settlement between partners, and a *promise* by one to pay to the other a balance struck, an action at law may be maintained, although by accident or otherwise some trifling debts owing by the firm remain unadjusted.

ERROR from the Madison common pleas. Dibble sued Clark in an action of slander, for imputing to him the crime of perjury. The defendant attempted to justify: he proved that on the trial of a suit, in which one Myers was plaintiff and Clark was defendant, Dibble testified to a settlement which had taken place between Myers and Dibble in reference to certain *partnership transactions* had between them; that upon that occasion, a balance was struck in favor of Myers which Clark promised to pay; and that such settlement was a *full and final settlement* between the parties. The defendant then proved that at a period subsequent to the time testified to by Dibble as the time of the settlement, a further settlement took place between Myers and Clark, by which they assumed equally to pay several small demands due from them in their partnership business. Part of the evidence on the part of the plaintiff, consisted of a deposition taken *conditionally.* The witness was a married woman, whose testimony was taken by virtue of an order made the 7th September, 1833. On the trial of the cause

which took place on the 3d October, 1833, the husband of the witness testified that his wife was in an advanced state of pregnancy, and expected daily to be confined; that she was more than ordinarily unwell, and that his family physician had advised that she should not be moved; that she had walked 60 rods to the place of the taking of her deposition, and that the distance from his residence to the court-house, was 22 miles. The defendant insisted that the preliminary evidence was not sufficient to authorize the introduction of the deposition; but the court overruled the objection and the deposition was received and read in evidence. The court decided that to support the justification, the defendant was bound to produce as conclusive proof as would warrant a conviction of the plaintiff were he on trial on an indictment for perjury; and they charged the jury that on the trial in which Dibble was a witness, it was not a material question whether or not there had been a *final settlement* of all the partnership matters of Myers and Clark; that it was sufficient to enable Myers to recover in that case, to show a settlement in which a balance was struck in his favor, and that Clark promised to pay such balance; that one partner might maintain an action against his co-partner upon a settlement and balance struck, although there might be some outstanding matters in which they, as partners, were still interested. To which decisions and charge the defendant excepted. The jury found for the plaintiff, and the defendant sued out a writ of error.

*J. A. Spencer*, for the plaintiff in error.

*M. T. Reynolds*, for the defendant in error.

*By the Court*, BRONSON, J. The objection made on the argument that the deposition of *Mrs. Myers* should have been taken under the *first*, instead of the *fifth* article of the statute, in reference to the taking of testimony *conditionally*, 2 R. S. 391, Art. 1 and 5, was not raised at the trial, and cannot therefore be alleged for error. The same answer may be given to the objections that the affidavit on

which the examination was ordered was insufficient, and that there was no proof of the service of the judge's order, directing the examination of the witness. The only objection taken in the court below was, that sufficient evidence of the inability of the witness to attend the trial had not been given to authorize the reading of the deposition in evidence. The statute declares that the deposition in such cases, or a certified copy of it, may be given in evidence " upon due proof of the death or insanity of the witness examined pursuant to the foregoing provisions, or of the inability of such witness to attend such trial by reason of old age, *sickness*, or settled infirmity." 2 R. S. 399, § 39. The witness was ill at the time of the trial, and in a situation which rendered it highly improper that any attempt should be made to carry her to the place where the court was held. I think the deposition was properly received. It is true that the plaintiff might have omitted to try his cause until the next term—this inability of the witness to attend, would have been a sufficient excuse for not proceeding at that time, even if he were under a stipulation to try ; but he would in that case have been subjected to delay, and possibly to expense. The statute authorizes the reading of the deposition on proof of the inability of the witness to attend, by reason either of *sickness* or *settled infirmity ;* and I think it enough that the witness was, at the time, too ill to attend the trial, although her sickness was only of a temporary character.

The court decided properly, that in order to justify the slander, the evidence must be sufficient to convict the plaintiff if he were on trial for perjury. *Woodbeck* v. *Keller*, 6 Cowen, 118.

The charge of the court to the jury was substantially correct. If *Myers & Clark* had settled their partnership transactions and struck a balance which *Clark* promised to pay, *Myers* might sue at law to recover that balance ; and it would not vary the case if, through accident or otherwise, some trifling matters between the partners and third persons were left unadjusted. Nothing like a justification of the slander was made out. On the settlement of the ap-

ALBANY,
Jan. 1837.

Clark
v.
Dibble.

peal, several small demands due from the firm to third persons, were either paid or assumed equally between the parties. This does not disprove what *Dibble* said in relation to the original settlement—that *Clark* was to pay the partnership debts. He may have agreed to pay them all, and yet *Myers,* for the sake of putting an end to the litigation, may afterwards have agreed to pay a part of the amount. The evidence concerning the plank, confirmed the testimony of *Dibble*—save, that some of the witnesses said that if there was any deficiency in the plank, the partners were to make it up between them; while others said that *Clark* was to make good any deficiency if all the plank were not found. None of them deny what *Dibble* testified, that *Clark* was to look up the plank and return them to *Bushnell,* of whom they had been borrowed. Evidence of a similar character was given about a whiffle-tree that had also been borrowed. Upon such proof as this, the defendant insisted that the settlement was not *final and entire,* and that the plaintiff was guilty of perjury, in swearing that there was a full and final settlement between the parties. There is no color for this pretence. If both parties were to share any loss which might happen from not finding all the plank, and if they were both answerable for the return of the whiffle-tree to the owner, the settlement was, nevertheless, full and final. The very fact that the parties talked about such trifles, proves that they were more particular in attempting to render the adjustment final, than is usual on such occasions. And besides, it does not appear that any question was put to *Dibble* in relation to those matters. There was no error in the proceedings.

Judgment affirmed.