HOPKINS *vs.* SMITH.

All wilful false swearing is necessarily corrupt. Hence, if in an action for slander in charging the plaintiff with perjury, committed on the trial of a cause, the defendant to sustain a plea of justification, shows that the evidence given by the plaintiff was false, corruption may be inferred.

Where, in an action for slander, the defendant justifies a charge of perjury, he must prove all the particulars which constitute the crime of perjury ; viz. the deliberate deposition, the lawfully administered oath, the judicial proceeding, the absoluteness of the matter testified to, its materiality to the point in question direct or collateral, and its falsity.

What amount of evidence is required to sustain a plea of justification in an action for slander.

THIS was an action of slander, for accusing the plaintiff of perjury on a trial before a justice of the peace, in a suit between the overseers of the poor and the defendant, under the excise law. The defendant pleaded the general issue, and gave notice of justification. The cause was referred to a sole referee, by consent of the parties, who heard the cause and reported in favor of the defendant. The cause came before the court on a case, upon which the plaintiff moved to set aside the report of the referee.

*Southworth & Pritchard,* for the plaintiff.

*H. Bennett,* for the defendant.

*By the Court,* MOREHOUSE, J.   No exceptions were taken to the pleadings, on the argument, nor are they furnished as part of the case.   I assume therefore, that the defendant apprized the plaintiff that he intended to prove that he not only swore false, but that such falsehood was wilful and corrupt.   The defendant, for the avowed purpose of showing that the swearing was wilful and corrupt, offered to prove former grudges and ill will of the plaintiff towards the defendant, and that after the trial before the justice he spoke exultingly of having paid the defendant off.   The plaintiff's counsel objected, assigning as a reason that if it was proved the plaintiff swore false it would be presumed he did so corruptly.   The referee excluded the evidence, and upon his observations on that occasion, the only question of law in the case dependant upon the hearing is raised. He said, " I have always considered the rule requiring a party who justifies in slander (which is merely an action for damages,) to make such a case as would convict the plaintiff of perjury with all doubt in his favor, and consign him to state prison, as extremely rigid.   And if the defendant in this suit, to sustain his plea of justification, shows that the evidence of the plaintiff before the justice was false, I shall infer *malice* as far as this suit is concerned."   By the term malice, the referee undoubtedly meant the corruption which the defendant proposed to establish by proof, and which the plaintiff insisted might be legitimately inferred from wilful false swearing; in which view the referee correctly coincided.   All wilful false swearing is necessarily corrupt, (that is, *malo animo.*)   " Perjury is a wilful false oath by one who, being lawfully required to depose the truth in a judicial proceeding, swears absolutely in a matter material to the point in question, whether he be believed or no."   Particular malice is not essential.   The evidence of the plaintiff before the justice, whether true or false, was wilful.   That is, it was given with deliberation and not attributable to weakness, or surprise,

or inadvertency or mistake.  If the matter of it was false and that was the only question of fact on trial, the defendant was entitled to the verdict of the referee.  He repudiated no established rule of law guiding courts and juries in such a case. He puts the rule, which as a lawmaker his judgment would condemn as too stringent, even stronger than it is.  Evidence prevalent over all doubt, is not required to convict in any case. The rules of evidence in civil and criminal cases are in most respects the same.  The chief distinction is the one referred to the greater caution and benignity of presumption extended when life and liberty are in question than when property only is involved.  It is the reasonable doubt or difficulty, the practical uncertainty arising from the law or facts in the particular case, and not a speculative fear or distrust, which the law in its tenderness instructs courts and juries to add to the ordinary defences of the accused.  The referee avowed no intention of falling short of this.  It is made a point that " a justification must be proved with great particularity," citing the language of the court in *Woodbeck* v. *Keller*, (6 *Cowen*, 118.)  The court did not mean that it was to be proved with greater particularity than it was pleaded, if well pleaded.  *Andrews* v. *Vandusen*, (11 *John.* 38,) reiterates the rule that a defendant cannot give in evidence, under the general issue in an action of slander, matter which might be pleaded in bar.  Nor can he give in evidence any other crime than the one chaged.  (*Smithers* v. *Harrison*, 1 *Ld. Raym.* 727.)  The whole case is as follows :  " In case for words, which imputed the committing of adultery by the plaintiff with *Jane, at Stile*, the defendant, in mitigation of damages may give in evidence, that the plaintiff committed adultery with Jane at Stile, but not with any other woman."  So in *Bull. N. P.* 9.  These are the cases referred to as authorites for the sentiment of the court. Another principle found in the case of *Woodbeck* v. *Keller*, is that when the defendant justifies a charge of perjury, the evidence must be the same as required to convict a defendant on an indictment for perjury.  It is reiterated in *Clark* v. *Dibble*, (16 *Wend.* 601,) with the change of phraseology, "the evi-

dence must be sufficient to convict," &c. In other words, the defendant must prove all the particulars which constitute the crime of perjury; viz. the deliberate deposition, the lawfully administered oath, the judicial proceedings, the absoluteness of the matter testified to, its materiality to the point in question, direct or collateral, and its falsity. Evidence conclusive to one mind may fail to satisfy another. The rule has no measure of completeness. By the common law, in slander, where the defendant justified and the jury found the justification true, the plaintiff could be put to answer the felony without any further accusation; for such a charge by the oath of twelve men on their inquiry into the merits of a cause, was equivalent to a presentment of a grand jury, (2 *Hale*, 150. 2 *Hawkins*, 303, § 6. 1 *Chit. Crim. L.* 164, 135.) That had its influence in the construction of the rule under consideration, and though never practically the law of this state, its disuse or repudiation would not theoretically occasion a modification of the rule. Courts could instruct the jury that they should find for the plaintiff, unless the evidence of his guilt was so conclusive that they would as grand jurors indict; but they must add, that unless upon that evidence uncontradicted or explained, they would convict, they should not indict.

Another question involved in the case is the amount of evidence required to justify or convict. One witness is not sufficient; two are not absolutely necessary. The oath of the accused, who is presumed innocent until proved guilty, stands as the oath of a disinterested witness. A single witness poises the scale of evidence. Circumstances which, standing alone, would not justify a conviction or sustain a justification, may destroy the equilibrium; and that destroyed, though by circumstantial evidence, if it be material, independent and corroborative of the testimony of the accusing witness, the response belongs to the jury as a question of fact; and if satisfactory of guilt, it is all that is required to convict or justify. (1 *Phil. Ev.* 113. 6 *Cowen*, 118.) In this case there were two witnesses. The one was mistaken as to the time of the transaction at Smith's, sworn to by Hopkins. The time was not material except as a test of

the accuracy of his recollection.   Hopkins swore to their acts severally as contemporaneous, and they were together there but once; and if not before the suit commenced by the overseers of the poor, it was incontestably false, that they drank together, alternating in their calls for liquor, and in paying for it at the bar. His evidence was direct and positive, and that of the other witness strongly corroborative.   The referee was a man of approved integrity, sound judgment, nice discrimination and much judicial experience.   The manner of a witness and his fidelity to truth could not easily escape his observation, nor, being observed, fail to be properly appreciated.   It is not a question of the comparative weight of evidence, but rather was there enough of it.   I think there was.   Not that every jury would have convicted the plaintiff of perjury if on trial for that crime, upon the same evidence, but that a jury might have done so without violating any rule of law or evidence.   This view of it supersedes the necessity of examining the authorities applicable to new trials in cases where the evidence is conflicting, and its preponderance doubtful, and the modifications which the nature and form of the action has made in the general rules deduced from those authorities.

Motion denied.

