## WRIGHT v. PUTNAM.

*Tenants in common — liability of tenant to co-tenant for improvements to land held in common — admission of and promise to pay.*

Plaintiff, defendant and others were shareholders in a joint-stock enterprise to purchase and improve lands containing a mineral spring, and held such lands as tenants in common. Plaintiff made and paid for certain improvements, and assessed the cost, ratably, upon each shareholder. Plaintiff proved that he made a statement to defendant of the amount assessed upon him; that defendant took the figures on a paper, and said he " would pay him (plaintiff) the money ;" would " be over in a few days and settle up — square up." *Held*, that the admission of a liability, coupled with a promise to pay, was sufficient to authorize a recovery by plaintiff against defendant.

THIS is an action to recover for moneys laid out and expended by the plaintiff upon nine acres of land, upon which there was a a mineral spring called the Crystal spring, and which the parties owned as tenants in common with others.

The cause was tried at the circuit in Yates county, and the plaintiff was nonsuited, to which decision the plaintiff duly excepted, and the circuit judge ordered that the exceptions be heard in the first instance at the general term.

*D. Morris*, for plaintiff.

*Chas. S. Baker*, for defendant.

E. DARWIN SMITH, J. The circuit judge, we think, erred in taking this case from the jury.

The plaintiff and defendant, as the proofs showed, were shareholders in a species of joint-stock enterprise to purchase, hold and

improve nine acres of land, upon which was situated a mineral spring called the Crystal spring.

The stock of said company was divided into forty shares, and of these shares the defendant owned three. In the years 1866 and 1867, the plaintiff proved that erections and improvements were made on the land of the company, at an expense of about $6,800, by the plaintiff; that in August, 1867, the said plaintiff, with one Benson Smith, another shareholder in said company, made an estimate or statement, in writing, of such expense as between the shareholders, making it amount to the sum of $158.94 to each share in said company; that they exhibited to the defendant, who owned three shares of said company, such statement, and asked him to pay the amount assessed upon his three shares of $475.62, and $20 assessment on one share after March 1st, amounting to $495.90; that the defendant took the figures on a piece of paper, and said he would pay him the money; would be over in a few days and settle up — square up. This was proved in substance by two witnesses. If the jury believed this testimony, and that there was at this time a distinct admission or recognition by the defendant of his liability to pay this amount, coupled with a promise to pay it, we do not see why they would not have been bound to find a verdict for the plaintiff for such amount with interest.

Even as between partners in ordinary partnerships, proof of a settlement between them, with a promise by one to pay the other a balance struck, would warrant and sustain a recovery at law. *Clark* v. *Dibble*, 16 Wend. 601; *Powell* v. *Noye*, 23 Barb. 186; *Koehler* v. *Brown*, 31 How. 235.

There should be a new trial, with costs to abide the event.

*New trial granted.*