HENRY JOHNSTON, Respondent, *v.* RILEY BUSH, Appellant.

(Submitted September 23, 1873; decided January term, 1874.)

THIS was an action to recover possession of personal property.

The questions presented for review were exceptions to the admission of evidence and to a refusal of the court to charge.

The deposition of one Knox, a witness on behalf of the plaintiff, was taken *de bene esse.* (2 R. S., 398, §§ 33–42.) A neighbor of Knox, after having testified to facts showing the condition and state of health of the latter, was asked whether, in that condition and state of health, he considered him able to attend the trial. This question was objected to, but the case did not state the grounds, nor did it appear that there was any ruling of the court thereon or exception. The witness answered, he did not. Another witness also testified to facts tending to show inability on the part of Knox to attend. The deposition was then offered in evidence. This was objected to upon the ground that it was not sufficiently proven that the witness was unable to attend. The objection was overruled and the deposition received and read. *Held,* no error; that the question as to the competency of the evidence was not presented by any exception, and that the evidence was sufficient to warrant the ruling of the court on the question of inability.

The evidence in the case was conflicting. The court, after

a substantial statement of it, charged in substance, that if the jury believed the transaction was as detailed by the plaintiff's witnesses the verdict should be in his favor, but if they believed the defendant's version of it, their verdict must be for him.

Defendant's counsel requested the court to charge that the plaintiff, to entitle him to a verdict, must satisfy their minds to a moral certainty that the facts were as claimed by him. The court refused to charge other or different from what he had already charged. *Held*, no error; that certainty of the facts which imports absolute truth and verity, and consequently admits of no degrees, " moral " or otherwise, was not requisite.

*G. W. Hotchkiss* for the appellant.

*George Becker* for the respondent.

Lott, Ch. C., reads for affirmance.
All concur.
Judgment affirmed.