ADDISON L. JOHNSON, AS ADMINISTRATOR, ETC., OF JOHN F. GUERBER, DECEASED, RESPONDENT, v. THE AGRICULTURAL INSURANCE COMPANY, APPELLANT.

*Evidence — in a civil action, a crime set up as a defense need not be proved beyond all reasonable doubt.*

Where, in an action upon a policy of insurance against fire, the defense is that the fire was set by the fraudulent act or procurement of the insured, the defendant is not required to adduce evidence of the same quality and degree as would be required to sustain an indictment for arson; it is sufficient if the charge be supported by a preponderance of the evidence, even though such evidence be insufficient to exclude all reasonable doubt.

APPEAL from a judgment in favor of the plaintiff, entered on the report of a referee.

*Bradley Winslow* and *J. C. Winslow*, for the appellant.

*Ruger, Jenney, Brooks & French*, for the respondent.

SMITH, P. J.:

Action upon a policy of insurance upon certain buildings and other property against loss or damage by fire. Of the several defenses set up in the answer, the only one material to notice is that the fire was a fraudulent one. Much evidence was given on the part of the defendant with a view of establishing that defense. Upon that branch of the case the referee found the following facts : " The origin of the fire was not proven before me. I find that the fire was not an accidental one, and must have been by the act of some person or persons with the purpose and design of destroying the dwelling-house and barn and other property. It is claimed by the defendant that the fire was a fraudulent one, and that Wagner, the insured, by his own act or procurement, fired the buildings and burned, by his own hands, the property insured. When the location of the buildings and the circumstances of the fire, as disclosed by the evidence, are considered, serious suspicions are thrown upon the case, and it cannot be said that Wagner " (the assignor of the plaintiff's intestate) " is entirely without suspicion. The evidence does not, in my opinion, show beyond a reasonable doubt that Wagner fired the buildings or caused or procured the destruction of the property, and I, therefore, find, as a question of fact, that the fire occurred without the fault of Wagner, or by his procurement, or by the plaintiff's testator." The referee also held, as matter of law, that " to make out and establish the defense of arson set up in the answer, the defendants were bound to produce the same evidence that would be required to convict the insured of arson under an indictment for such offense. I hold that the evidence does not show beyond a reasonable doubt that such a crime was committed by the insured." These findings were duly excepted to.

Taking the findings together, the conclusion to be drawn from them is that the referee found for the plaintiff upon the ground that the alleged fraudulent burning was not proved beyond a reasonable doubt, even although the evidence may have preponderated in favor of the defense. The question is therefore presented, whether in a civil action where the commission of a crime is set up as a cause of action or a defense, it is incumbent on the party alleging the crime to adduce evidence, not only of the same constituent facts but also of the same quality or degree as would be required to

sustain an indictment for the same offense. In other words, whether the proof must exclude all reasonable doubt, or whether a preponderance of evidence in support of the charge is enough.

In *Aeby* v. *Rapelye* (1 Hill, 9), where the defense of usury was interposed to an action on a promissory note, it was said by Judge COWEN that "to say that usury must be proved *beyond reasonable* doubt is substantially the same as saying that the proof must be such as *to satisfy the jury of the fact.*" It can hardly be supposed that the learned judge intended to assert that there is no distinction between civil and criminal trials as to the *quantum* of evidence required. The distinction is well established. Greenleaf states it thus: "A distinction is to be noted between civil and criminal cases in respect to the degree of quantity of evidence necessary to justify the jury in finding their verdict for the government. In civil cases their duty is to weigh the evidence carefully and to find for the party in whose favor the evidence preponderates, although it be not free from reasonable doubt. But in criminal trials the party accused is entitled to the benefit of the legal presumption in favor of innocence, which, in doubtful cases, is always sufficient to turn the scale in his favor. It is, therefore, a rule of criminal law that the guilt of the accused must be fully proved. Neither a mere preponderance of evidence, nor any weight of preponderant evidence, is sufficient for the purpose, unless it generate full belief of the fact to the exclusion of all reasonable doubt." (3 Greenl. Ev., § 29.)

We are not aware of any case in which the question has been considered by the court of last resort in this State. The cases of *Woodbeck* v. *Keller* (6 Cow., 118); *Clark* v. *Dibble* (16 Wend., 601), and *Hopkins* v. *Smith* (3 Barb., 599), decided by the Supreme Court, are cited by the respondent's counsel as sustaining the ruling now under review, but they will be found on examination to fall short of it. Each was an action of slander, for accusing the plaintiff of perjury, and the defendant attempted to justify. In Woodbeck's case, the question arose whether one witness alone was sufficient to sustain the justification, and it was held that in civil as in criminal cases one witness was not enough, but his testimony must at least be corroborated by independent circumstances. The ruling was followed in the other two cases, and that is the extent of those decisions.

The current of authority in the States where the question has been adjudged is adverse to the ruling of the referee. The cases are numerous and are referred to in Abbott's Trial Evidence, 495, note 1. It is unnecessary to refer to them more particularly. In the absence of any controlling adjudication upon the subject in this State, we are content to follow them until the court of last resort shall lay down a different rule.

For the error above pointed out, the judgment should be reversed and a new trial ordered, costs to abide the event. As suggested on the argument, the new trial may be had before the same referee.

HARDIN and HAIGHT, JJ., concurred.

So ordered.