EDGAR C. DAVIS, Respondent, v. THE ROME, WATER-
TOWN AND OGDENSBURGH RAILROAD COMPANY,
· Appellant.

*Proof as to the commission of a crime in a civil action — the party charging it is not
required to establish it beyond a reasonable doubt.*

In a civil action the party upon whom the burden of proof rests as to the issue,
even where he seeks to establish a charge of the commission of a crime, is not
bound to establish it beyond a reasonable doubt.   It is sufficient if there is a fair
preponderance of evidence in his favor.

Appeal by the defendant from a judgment entered, in the office
of the clerk of the county of Onondaga on the 6th day of June, 1889,
after a trial at the Onondaga Circuit before the court and a jury, at
which a verdict was rendered in favor of the plaintiff for the sum
of $114.91; and also an appeal from an order denying defendant's
motion for a new trial made on the minutes of the justice before
whom the action was tried.

*Edmund B. Wynn,* for the appellant.

*Stone, Gannon & Petit,* for the respondent.

Martin, J.:

This action was to recover for services performed for the
defendant by the plaintiff as a conductor on one of its trains.   The
defense was that the plaintiff was guilty of such flagrant acts of
dishonesty or crime in embezzling the funds of the defendant as to
bar his right of recovery.   The case was tried and submitted to the
jury upon that issue.

In submitting the case to the jury the court charged as follows:
" In addition to that he has the presumption of law in his favor;
and in this case the presumption goes something further than what
I have had occasion to say to you in other cases where I have simply
stated to you that if there was a preponderance of evidence in favor
of the party having the burden of proof, then you must find for the
party having such preponderance.   In this case, where the charge
is of a crime, the burden which is laid on the defendant is some-
thing more than that, because the real question is the same as if the

plaintiff was on trial for theft, and you must find not simply on weighing the testimony that there is a preponderance of evidence in favor of the defendant in this case, but you must find that the evidence satisfies you, beyond reasonable doubt, that the position which the defendant takes here is the correct one, and that the plaintiff did, on the occasions referred to, take the moneys which have been testified to here, and that he did not report and pay them over. If you are satisfied, beyond reasonable doubt, that all this is true, then the defendant is entitled to something more than offset of these moneys against the claim of the plaintiff which has been established. The plaintiff will not be entitled to recover at all for his services if you are satisfied that he performed his duties in the dishonest way which the witnesses for the defendant would indicate; and so, gentlemen, you will determine in this case, if the evidence satisfies you beyond reasonable doubt, considering the testimony on both sides and the presumption of law in favor of the plaintiff. I say, if the testimony here satisfies you, beyond reasonable doubt, that the plaintiff did receive the moneys as charged here, and did not report and pay over those moneys, then your verdict must be for the defendant. If, from this evidence, you find he received these moneys, but you are not satisfied that he intentionally withheld and failed to pay them over, then the defendant would be entitled to an offset to that extent. If neither of those were found, the plaintiff would be entitled to recover the full amount claimed, $110.87, with interest." To this portion of the charge the defendant excepted.

The effect of the portion of the charge excepted to was to impose upon the defendant the burden of establishing its defense beyond a reasonable doubt. The rule, as established by the earlier English cases was, that proof beyond reasonable doubt was usually required to establish a charge of crime in a civil action. This rule has been followed in a number of the States, and seems to have been followed in the earlier cases in this State. ( *Woodbeck* v. *Keller*, 6 Cow., 118; *Clark* v. *Dibble*, 16 Wend., 601; *Hopkins* v. *Smith*, 3 Barb., 602.) But in the more recent cases, especially in this State, it has been held that in a civil action the party upon whom the burden of proof rests as to an issue is not bound to establish it beyond a reasonable doubt. It is sufficient if there is a fair preponderance of

evidence in his favor. (*N. Y. Guar. and Ind. Co.* v. *Gleason,* 78 N. Y., 503, 513; *Johnson* v. *Agricultural Insurance Co.,* 25 Hun, 251; *Freund* v. *Paten,* 10 Abb. N. C , 311; *Stearns* v. *Field,* 90 N. Y., 640, 642; *Seybolt* v. *N. Y., L. E. and W. R. R. Co.,* 95 id., 562, 569; *People* v. *Briggs,* 47 Hun, 266, 268; affirmed, 114 N. Y. 56; *N. Y. and B. Ferry Co.* v. *Moore,* 1 N. Y., St. Rep., 374; S. C., less fully, 102 N. Y., 667.)   In the last case Judge EARL, who delivered the opinion of the court in that case, said: "There is no rule of law which requires the plaintiff, in a civil action, when a judgment against the defendant may establish his guilt of a crime, to prove his case with the same certainty which is required in criminal prosecutions.   Nothing more is required in such cases than a just preponderance of evidence, always giving the defendant the benefit of the presumption of innocence.   Where a judgment for the plaintiff involves crime or moral turpitude on the part of the defendant, the court should always require satisfactory proof, and when that has been given judgment should follow, regardless of consequences.   In no other way can the law be properly administered and private rights effectually protected."

We are of the opinion that the authorities cited are conclusive upon this question, and require us to hold that the exception under consideration was well taken.   This leads to a reversal of the judgment and order appealed from.

Judgment and order reversed on the exceptions and a new trial ordered, with costs to abide the event.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment and order reversed upon the exceptions and a new trial ordered, with costs to abide the event.