(86 App. Div. 507.)

KURZ v. DOERR.

(Supreme Court, Appellate Division, Second Department.   July 24, 1903.)

1. ASSAULT—BURDEN OF PROOF—PREPONDERANCE OF EVIDENCE—PRESUMPTION
OF INNOCENCE.
   In a civil action to recover damages for an assault committed with
a loaded firearm, the presumption of defendant's innocence until he is
proven guilty, applicable in criminal cases, does not apply; plaintiff
being required only to prove his cause by a preponderance of the evi-
dence.

Appeal from Queens County Court.

Action by George Kurz against Anton Doerr.   From a judgment
in favor of plaintiff, and from an order denying defendant's motion
for a new trial on the minutes, defendant appeals.   Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS,
HIRSCHBERG, and HOOKER, JJ.

L. B. Faber, for appellant.
Burt Jay Humphrey, for respondent.

HIRSCHBERG, J.   This appeal presents but one question for
consideration.   The action is brought to recover damages for an
assault committed with a loaded firearm.   The court, having charged
the jury that the burden was upon the plaintiff to prove his cause of
action by a preponderance of the evidence, was asked by the defend-
ant's counsel to charge further "that the defendant is presumed in-
nocent until he is proven guilty."   To this the court replied:

"That presumption does not prevail here.   It is a question of which one
has presented to you a preponderance of the evidence; that is, does the evi-
dence in favor of the story told by the plaintiff outweigh the testimony
which makes against that claim?   What I mean by the weight of the evidence
is the convincing force of the evidence as it appeals to your minds."

No exception was taken to the language of the court in denying
the request, but an exception was taken to the denial of the request,
and that exception presents the question for review.

The jury was not required to find the defendant guilty or not guilty
as upon the trial of an indictment, but was required only to find a
general verdict upon the issues either in favor of the plaintiff or of
the defendant, as provided by section 1186 of the Code of Civil
Procedure.   The difference in the burden borne by the plaintiff in a
civil action and by the prosecution in a criminal proceeding is the
distinction between preponderating proof and such as excludes every
reasonable doubt; and if, as I deem it was intended, the defendant's
request was designed to obtain a ruling that the stricter requirement
of the criminal law was applicable here because the plaintiff's right to
recover incidentally involved proof of the commission of a crime by
the defendant, the request was properly refused.   So far as the gen-
eral proposition is concerned by which the presumption of innocence
attaches in all cases, both civil and criminal, to conduct equally sus-

¶ 1. See Assault and Battery, vol. 4, Cent. Dig. § 51.

ceptible of an innocent as of an immoral or a guilty construction, the idea was fully covered by the charge to the effect that, unless the plaintiff's evidence outweighed that of the defendant, the latter was entitled to a verdict; for, as was said in Knowles v. Scribner, 57 Me. 495, 497, "there is no preponderance unless the evidence is sufficient to overcome the opposing presumptions as well as the opposing evidence." If the defendant was not asking for anything more than the benefit of this general presumption as distinguished from the presumption of the criminal law which would overcome a mere preponderance of proof, he should have made his request clear by the addition of the words, "by a preponderance of evidence," or some other words indicating an equivalent qualification. In that manner it would have been made clear that all he asked was for the benefit of a presumption of innocence until overcome by the weight of proof required in civil actions. As it was, the court understood the request in respect to the presumption of innocence to refer to the rule of evidence necessary to overcome it in criminal cases, and accordingly answered that that presumption does not "prevail" here—that is, does not control or predominate in civil cases.

In the American & English Encyclopedia of Law (2d Ed., vol. II, p. 492), it is said that "while there is some conflict of authority, the general rule is that in civil cases, where the action or defense is based on a criminal act, such criminal act may be established by a mere preponderance of the evidence." It appears from the cases cited in the note that the English rule is otherwise; but it also appears that, while such rule has been followed in a few cases in some jurisdictions in this country, in others it has been abandoned after prevailing for a time, and the rule stated in the text has been adopted as approved by the great weight of American authority. In Kane v. Hibernia Ins. Co., 39 N. J. Law, 697, 23 Am. Rep. 239, many authorities in this country are cited in a well-considered opinion, and the conclusion reached that only a preponderance of evidence is required, notwithstanding the right to recover depends upon proof of the commission of a crime. See, also, Ellis v. Buzzell, 60 Me. 209, 11 Am. Rep. 204.

In this state there is a lack of harmony, and no really authoritative decision. In Woodbeck v. Keller, 6 Cow. 119, an action for slander where justification was pleaded as a defense, the court said (page 120), "The defendant must affirmatively make out the fact of willful and corrupt falsehood, as the public prosecutor must upon an indictment" in charging perjury; and this ruling was followed in similar actions in Clark v. Dibble, 16 Wend. 601, and in Hopkins v. Smith, 3 Barb. 599. In Johnson v. Agricultural Insurance Co., 25 Hun, 251, it was held by the General Term in the Fourth Department that where, in an action upon a policy of insurance against fire, the defense is that the fire was set by the fraudulent act or procurement of the insured, the defendant is not required to adduce evidence of the same quality and degree as would be required to sustain an indictment for arson, and that it is sufficient if the charge be supported by a preponderance of the evidence, even though such evidence be insufficient to exclude all reasonable doubt. In reversing the ruling

of a referee that the fact of the commission of arson should be proved beyond a reasonable doubt, the court said (page 253):

"We are not aware of any case in which the question has been considered by the court of last resort in this state. The cases of Woodbeck v. Keller, 6 Cow. 118, Clark v. Dibble, 16 Wend. 601, and Hopkins v. Smith, 3 Barb. 599 (decided by the Supreme Court), are cited by the respondent's counsel as sustaining the ruling now under review, but they will be found, on examination, to fall short of it. Each was an action of slander for accusing the plaintiff of perjury, and the defendant attempted to justify. In Woodbeck's Case the question arose whether one witness alone was sufficient to sustain the justification, and it was held that in civil as in criminal cases one witness was not enough, but his testimony must at least be corroborated by independent circumstances. The ruling was followed in the other two cases, and that is the extent of those decisions."

The court found the current of authority in the states where the question has been adjudged to be adverse to the ruling of the referee, and expressed itself as content to follow those decisions (page 254)— "until the court of last resort shall lay down a different rule."

The question under consideration was discussed in Seybolt v. N. Y., L. E. & W. R. R. Co., 95 N. Y. 562, 47 Am. Rep. 75, but was not determined beyond the holding that in a civil action based upon the killing of a human being by negligence the plaintiff need only establish his cause by a preponderance of evidence.

The learned counsel for the appellant cites three cases in support of his contention, and, while one of them is possibly an authority in his favor to some extent, the other two seem to be chiefly opposed. In Wilcox v. Wilcox, 46 Hun, 32, the judgment and order were expressly reversed because the court had charged the jury that, if certain letters relied on to prove the charge of adultery could reasonably bear the interpretation of innocence, it was the duty of the jury to adduce that result from them. The court said (page 40):

"But in civil actions the rule upon which facts are supposed to be determined by juries is that of preponderance of evidence. And their duty does not require them to give the one party the benefit of the reasonable doubt or to find the facts involved only when it is in their judgment established beyond such doubt. 3 Green. Ev. § 29; Seybolt v. N. Y., L. E. & W. R. R. Co., 95 N. Y. 562; Johnson v. Agr'l Ins. Co., 25 Hun, 251. The presumption of innocence and of freedom from purposes and conduct immoral applies in civil as well as in criminal cases, and satisfactory evidence is required to establish the contrary. And when, in the judgment of the jury, the evidence is in equilibrio, the imputation is not established. Starr v. Peck, 1 Hill, 270; Pollock v. Pollock, 71 N. Y. 137. This presumption is evidence only, and has its controlling effect as such until overcome by other evidence. And when the jury can fairly and reasonably construe the evidence so as to protect a party against charge of misconduct, it may be a very proper thing for them to do; but when it may, in their judgment, reasonably be construed the other way as well, it becomes a matter for them to determine which direction they shall give to it, rather than a duty imposed by law to find the fact in a particular way."

New York & Brooklyn Ferry Co. v. Moore, 18 Abb. N. C. 106, memorandum report, 102 N. Y. 667, 6 N. E. 293, was an equity action tried before the court at Special Term, and what was said by Judge Earl about always giving to the defendant the benefit of the presumption of innocence is to be taken in its general sense as applied to such a case, rather than as a rule of law enlarging the burden

of proof in a civil action for damages where the act complained of constitutes a crime. Indeed, Judge Earl said (at page 119, 18 Abb. N. C.):

"There is no rule of law which requires the plaintiff in a civil action, when a judgment against the defendant may establish his guilt of a crime, to prove his case with the same certainty which is required in criminal prosecutions."

Grant v. Riley, 15 App. Div. 190, 44 N. Y. Supp. 238 (decided by a divided court), is an apparent authority in favor of the appellant to the effect that the defendant in a civil action to recover damages for assault and battery is entitled to a charge that "he is presumed innocent." None of the requests to charge which were the subject of criticism in that case, whether marked "Charged" or otherwise, were actually read to the jury, and the jury had not been instructed even that the burden of proof was on the plaintiff, or, so far as the report shows, that the cause of action must be established by a preponderance of evidence. The authorities cited in the prevailing opinion are the cases of Wilcox v. Wilcox and New York & Brooklyn Ferry Co. v. Moore, supra, and it is quite obvious that there was no thought on the part of the court of holding that the defendant was entitled in law to a presumption of innocence which could not be overcome by a preponderance of evidence, or, as in the language of the request in this case, "until he was proven guilty," as in the case of a trial of a criminal indictment, by evidence tending to establish such guilt beyond a reasonable doubt.

In this state of the authorities, and in view of the general association of guilt and its proof with the enforcement of the criminal law, I think the distinction in reference to the respective extent of proof between civil actions for the recovery of money and criminal prosecutions for the punishment of the offender should not be confused by the requirement of identical instructions upon the question of presumption of innocence, which might easily prove misleading to juries. As Mr. Justice Depue said in Kane v. Hibernia Ins. Co., 39 N. J. Law, 697, 23 Am. Rep. 239 (at page 707, 39 N. J. Law, 23 Am. Rep. 239):

"The importance of preserving the distinction between civil and criminal cases increases with the growth of the criminal law. Almost every tortious act is by statute made indictable, if done willfully or maliciously; and the courts should be reluctant to adopt, in civil cases, the rules peculiar to criminal law, lest wrongdoers be enabled to avoid civil liability, as well as escape criminal responsibility, under cover of the rules of criminal prosecution, the object of which is punishment only."

The judgment and order of the county court should be affirmed.

Judgment and order of County Court of Queens County affirmed, with costs. All concur.