"further conversation" was in the preceding February, at which time the defendant agreed to employ her for a second year when the present year was "up." She testified that she is sure of that, and has no doubt that she made the agreement in February. She then testified that all the defendant told her in the following June was "not to be uneasy," that she was "safe for a year." I am of opinion that this was not sufficient to take the case out of the statute of frauds, inasmuch as a new contract was then necessary; i. e., the former contract should have then been renewed. Odell v. Webendorfer, 50 App. Div. 579, 64 N. Y. Supp. 451; Oddy v. James, 48 N. Y. 685; Berrien v. Southack (City Ct. N. Y.) 7 N. Y. Supp. 324; Wanamaker v. Rhomer, 23 Wkly. Dig. 60.

The remedy is upon quantum meruit for the services rendered. Hartwell v. Young, 67 Hun, 472, 22 N. Y. Supp. 486. I think that under the pleadings and in view of the fact that the application of the statute of frauds was elicited only upon the cross-examination of the sole witness for the plaintiff, the defendant could rely upon the statute, although not originally pleaded by him. Fanger v. Caspary, 87 App. Div. 417, 420, 84 N. Y. Supp. 410; Duffy v. O'Donovan, 46 N. Y. 223, 226.

The judgment should be reversed, and a new trial be ordered; costs to abide the event. All concur.

---

### SERRA v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. June 3, 1904.)

1. NEGLIGENCE—PREPONDERANCE OF EVIDENCE—REASONABLE DOUBT.
    In a civil action for injuries resulting from defendant's alleged negligence, plaintiff was only required to prove his cause of action by a preponderance of the evidence, and not beyond a reasonable doubt.

Appeal from Trial Term, Kings County.

Action by Charles Serra against the Brooklyn Heights Railroad Company. From a judgment dismissing the plaintiff's complaint, and from an order denying plaintiff's motion for a new trial, he appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

John M. Ward, for appellant.
I. R. Oeland, for respondent.

HOOKER, J. In this action for negligence, after the court had concluded his charge to the jury, the attorney for the plaintiff requested him to charge that the rule requiring the jurors' minds to be convinced beyond a reasonable doubt does not prevail in a civil action in a case of this kind, and the following colloquy took place:

"The Court: I think it does, but the court is not bound to so charge in terms. Mr. Ward: I except. The Court: While I am not bound to charge

---

¶ 1. See Negligence, vol. 37, Cent. Dig. § 267.

you that, yet I believe that to be the real logic of the proposition which I have given you—that you must be satisfied beyond a reasonable doubt. Mr. Ward: I except to that. The Court: I will charge that once, and see whether it is not a good law. I think that it is the meaning of what I have already charged you. While it is not necessary that I should charge it in so many words, while it is not error to refuse to charge it, provided it is stated to you in some other way, as I have done, yet that is the real meaning of it. In every case, before a jury can find for the plaintiff, they must be reasonably satisfied that the facts on which the plaintiff's case depends are true. Mr. Ward: I except to the refusal to charge the request and to the charge as made. Mr. Day: I understand your honor to mean by that not the reasonable doubt referred to in a criminal case, but when their minds are doubtful— The Court: It must be a reasonable doubt, and it is just the same doubt in civil as in criminal cases. In criminal cases a statute expressly provides that there can be no conviction if the jurors entertain a reasonable doubt of the defendant's guilt, and so the rule has grown up requiring the court to so charge if requested. But that means exactly the same thing that we charge every day in civil cases—that if you seriously doubt. What is the difference between a serious doubt and a reasonable doubt—a doubt which, upon your consciences, ought to make you hesitate to deprive defendant of his property? The burden is on the plaintiff, and he must convince you, and you cannot be said to be convinced by the evidence so long as there is in your mind a reasonable doubt, which, in the nature of the case, in view of the consequences of your conclusion, is such as should make you pause. Mr. Ward: I except to that portion of your honor's charge, as to this last, made with reference to reasonable doubt."

We are convinced that the refusal of the court to charge as requested and the charge as made in respect to the relation of the preponderance of evidence and reasonable doubt in civil cases is not the law. In Johnson v. Agricultural Insurance Co., 25 Hun, 251, which was an action on a policy of fire insurance, where the defense was that the fire had been set by the fraudulent act or procurement of the insured, it was held that the defendant was not required to offer evidence of the same quality or degree as would be necessary to sustain an indictment for arson, and that the evidence was sufficient if its preponderance was in his favor, even if it might be insufficient to exclude all reasonable doubt. New York Guaranty & Indemnity Co. v. Gleason, 78 N. Y. 503, is to the same effect. This court had occasion recently in Kurz v. Doerr, 86 App. Div. 507, 83 N. Y. Supp. 736, to discuss the same question, and reviewed many of the cases, with the conclusion that the difference in the burden of proof to be borne by the plaintiff in a civil action and by the prosecution in a criminal proceeding is the distinction between preponderating proof and such proof as excludes every reasonable doubt. While the Johnson and Kurz Cases dealt with actions to recover damages for acts which might have constituted crimes, the rule there announced in respect to preponderance and to the quality and degree of plaintiff's evidence, is all the more applicable to ordinary cases of negligence where the act charged to have been committed by the defendant may not have been criminal.

Upon the authority of these cases, therefore, we hold that the case was submitted to the jury on an erroneous theory in this respect, and it calls for reversal of the judgment and order.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.