### KAPLAN v. LIEBERMAN et al.

(Supreme Court, Appellate Term, First Department. April 10, 1913.)

1. MASTER AND SERVANT (§ 44*)—WRONGFUL DISCHARGE—INSTRUCTIONS—BURDEN OF PROOF.

In an action for breach of a contract of employment, an instruction that if the jury were uncertain whether plaintiff was hired they must find for defendants was erroneous, as requiring plaintiff to establish his case to a certainty, though the court also stated that plaintiff must establish the hiring by a fair preponderance of the evidence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 122; Dec. Dig. § 44.*].

2. TRIAL (§ 253*)—INSTRUCTIONS—IGNORING EVIDENCE—EMPLOYMENT CONTRACT.

Where, in an action for breach of an employment contract, plaintiff pleaded that he was employed on or about August 20th for one year,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

it was error to instruct that he could not recover unless the contract was made on that date, where there was evidence tending to show employment on August 27th for the remainder of the year.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

3. EVIDENCE (§ 271*)—SELF-SERVING DECLARATIONS—BOOK ENTRIES.

In an action for breach of an employment contract, it was error to permit defendant employers to introduce an entry in their pay roll book; it being a mere self-serving declaration.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1068–1079, 1081–1104; Dec. Dig. § 271.*]

Appeal from City Court of New York, Trial Term.

Action by Joseph Kaplan against Louis Lieberman and another. Judgment for defendants, and plaintiff appeals. Reversed, and new trial ordered.

Argued March term, 1913, before LEHMAN, GERARD, and DELANY, JJ.

Manheim & Manheim, of New York City (Jacob Manheim, of New York City, of counsel), for appellant.

Charles L. Hoffman, of New York City (Henry A. Friedman, of New York City, of counsel), for respondents.

GERARD, J. This action was brought to recover damages for the alleged breach of an oral contract of employment, whereby plaintiff claimed that defendants, manufacturers under the firm name of Lieberman & Dorf, on or about the 20th day of August, 1910, agreed to employ plaintiff as foreman in their factory for the term of one year from the 20th day of August, 1910. Plaintiff alleges that he entered upon his service for defendants, and continued his services up to the 17th day of December, 1910, when defendants discharged plaintiff.

[1] This judgment must be reversed because of the charge of the learned court below. The learned court charged the jury as follows:

"If you believe the testimony here as to whether or not there was a contract is equally balanced, and by that I mean if, after your examination of all the evidence, you are uncertain in your minds whether the plaintiff was hired for one year as foreman, then in that event your verdict must be for the defendants, because the plaintiff must establish his cause of action by a fair preponderance of the evidence."

Plaintiff's counsel duly excepted to this portion of the charge, saying:

"I except to that part of the charge in which the court charges the jury that, if they find there is any uncertainty in their minds as to whether there was any such contract, then they must find for the defendants.

"The Court: If I said that, I will give you an exception. I didn't say that. I said if, after an examination of all the facts, they are uncertain in their minds whether or not the contract had been made with plaintiff, as to whether or not there was a contract as foreman for a year, that then the plaintiff did not sustain the proof by a preponderance of evidence, because they must be satisfied on that point."

Plaintiff's counsel duly excepted to this statement.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

I think that this was error. While plaintiff must make out his case by a fair preponderance of the evidence, this does not mean that plaintiff must establish his contention to a certainty, and the charge in question, charging the jury that, if they are uncertain in their minds whether the plaintiff was hired for' one year as aforesaid, then they must give a verdict for the defendants, certainly means that the plaintiff must have established his case to a certainty. Justice Van Brunt in New York Harbor Towboat Co. v. N. Y. & L. E. R. R. Co., 76 Hun, 258, 27 N. Y. Supp. 745, said:

"Every doubt is not required to be resolved in favor of either of the parties to a civil action, nor is it necessary to establish any proposition by conclusive testimony."

In Johnston v. Bush, 57 N. Y. 633, the court was asked to charge that plaintiff, to entitle him to a verdict, must satisfy the jury to a moral certainty that the facts were as claimed by him. Held properly refused, the Court of Appeals saying:

"That certainty of the facts which imports absolute truth and verity, and consequently admits of no degree, moral or otherwise, was not requisite."

In Gallagher v. Crooks, 132 N. Y. 338, 30 N. E. 746, Chief Justice Follett said:

"It is seldom possible to demonstrate or establish to an absolute certainty the existence or the nonexistence of the facts at issue between the litigants, and the law does not require such a high degree of proof; but such evidence as renders the existence of the facts at issue and upon which the right to recover depends probable is sufficient to require the party who denies their existence to sustain his denial by evidence."

See, also, Davis v. Rome R. R. Co., 56 Hun, 372, 10 N. Y. Supp. 334.

It is true that in another part of the charge the court said:

"The plaintiff here must establish to your satisfaction by a fair preponderance of the proof that he was hired for one year by the defendants."

And also at another place he said that the plaintiff must establish "those facts by a fair preponderance of the evidence," but afterwards made the charge complained of, which, it seems to me, certainly instructed the jury that the preponderance of the proof meant that the plaintiff must make out a case free from any uncertainty, and this impression on the jury's mind must have been intensified by the recharging of the proposition after the exception by plaintiff's counsel.

[2] Plaintiff testified that he first came to the defendants' place of business on August 16th; saw the defendant Lieberman and arranged with him to begin work on trial; that he commenced the following morning, the 17th, and worked four days, until Saturday, August 20th; and that on this day, August 20th, the conversation in which he alleged that the defendant Lieberman employed him for a year occurred. The defendant Lieberman testified that plaintiff first came to him on Tuesday, August 23d, not Tuesday, August 16th, and that he arranged with the plaintiff to come to work on trial the following morning, and that the plaintiff did come to work on trial the following morning, and worked until Saturday, August 27th, when he paid plain-

tiff his wages at the rate of $25 per week for the four days. The learned court charged the jury:

"That unless they [the jury] found the contract was made as claimed by the plaintiff on August 20th, there can be no recovery."

It may well have been that the plaintiff was mistaken as to the date, and that nevertheless the conversation hiring him for the balance of the year occurred. The plaintiff in his complaint alleged that the contract was made on or about August 20, 1910, and if he was mistaken in naming August 20th, instead of August 27th, as the date of the conversation when he was hired for the balance of the year, he would nevertheless be entitled to recover if such conversation did occur, although he made a mistake in his testimony as to the date.

[3] As a new trial of this action is necessary, it is well to advert to a further ruling made by the learned court. Over the plaintiff's objection and exception, an entry on page 115 of defendants' own pay roll book was admitted in evidence. This was a mere self-serving declaration, and is not evidence against the plaintiff.

For these reasons, the judgment appealed from must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.