MARY POWERS et al., as Administrators, etc., Respondents, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Appellant.

P., plaintiffs' intestate, an employe of the defendant, was killed by being thrown from a hand-car on its road. Two or three weeks before the accident one of the handles to the walking-beam of the car was broken, but the employes continued to use the car, the handle of a pick or an iron crowbar being inserted in the place of the broken handle. This was done without any direction of the section boss. At the time of the accident a crowbar was being used, one end of which projected four feet, the other one and one-half feet from the socket of the lever, and to get out of the way of an approaching train five men were working on the crowbar, instead of three, the usual number — three including the intestate working on the long arm, this manner of working wrenched the lever so that it broke, and P. was thrown from the car and killed. In an action to recover damages, *held*, that by riding on the hand-car with knowledge of the defect and aiding in such use of the crowbar, P. assumed all risks of injury resulting therefrom; and that plaintiff was properly nonsuited.

*Laning* v. *N. Y. C. R. R. Co.* (49 N. Y. 521), distinguished.

*Powers* v. *N. Y., L. E. & W. R. R. Co.* (32 Hun, 415), reversed.

(Argued January 26, 1885 ; decided March 3, 1885.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, made April 5, 1884, which reversed an order nonsuiting plaintiff on trial, and granted a motion for a new trial, exceptions having been ordered to be heard at first instance at General Term. (Mem. of decision below, 32 Hun, 415.)

This action was brought to recover damages for alleged negligence causing the death of John Powers, plaintiff's intestate. The material facts are stated in the opinion.

*E. C. Sprague* for appellant. As plaintiff's intestate had full knowledge of the condition of the car and the use of the crowbar as a handle, and voluntarily continued in the employment and use of the car and crowbar, without any complaint or objection, or any notice to the defendant of the defect, he assumed all risk of injury resulting from the use or from the negligence of his fellow-servants in such use, and this, whether or not the defendant knew of the defect, or ought to have known of it. (2 Thompson on Negligence, 971, 1008; Pierce on Railroads, 379, 380; *Wright* v. *R. R. Co.*, 25 N. Y. 562; *De Forest* v. *Jewett*, 23 Hun, 490; 88 N. Y. 264; *R. R. Co.* v. *Love*, 10 Ind. 554; *Stringham* v. *Stewart*, 27 Hun, 562; *Evans* v. *R. R. Co.*, 12 id. 289; *Dennison* v. *N. Y. C.*, 23 id. 473; *White* v. *Sharpe*, 27 id. 94; *Gibson* v. *Erie R'y*, 63 N. Y. 453; *Mo. Furnace Co.* v. *Abend*, 29 Alb. L. J. 58.) A man of ordinary intelligence must be presumed to be acquainted with the ordinary operations of the law of gravitation and other familiar natural laws. (*Walsh* v. *R. R. Co.* [Sup. Ct. Minn.], 2 Am. & Eng. R. R. Cas. 144; *Greene* v. *R. R. Co.* [Sup. Ct. Minn.], 29 Alb. L. J. 218; *Porter* v. *R. R. Co.*, 71 Mo. 66; *S. C.*, 2 Am. & Eng. R. R. Cas. 44; 29 Iowa, 615; *East Tenn., etc., R. R. Co.* v. *Smith*, 9 Lea [Tenn.], 685; *S. C.*, 15 Am. & Eng. R. R. Cas.) The rule that a servant assumes the risk by continuing in the employment with knowledge of the defect applies even to a case where the defect was due to improper construction of the machine, or existed when the machine was furnished by the master; but there is a wide difference between its application to such a case and to a case like the present, where the defect was not one originally existing, but was one which resulted from the use of a good and safe machine. (Thompson on Negligence, 1017; *Prenate* v. *Union Iron Co.*, 23 Hun, 258; Pierce on Railroads, 374; *Belair* v. *C. & N. W. R. R.*, 43 Iowa, 662;

*Malone* v. *Hathaway*, 64 N. Y. 15; *De Graff* v. *R. R. Co.*, 76 id. 125; Wood's Master and Servant, 737; *McMillan* v. *R. R. Co.*, 20 Barb. 449; *Columbus, etc., R. R. Co.* v. *Webb*, 12 Ohio St. 475; *Wonder* v. *R. R. Co.*, 32 Md. 411; *Illinois, etc., R. R. Co.* v. *Jewell*, 46 Ill. 99; *Seaver* v. *R. R. Co.*, 14 Gray, 466.) Defendant is not liable because the track supervisor, or any other of its servants, did not inspect the hand-car before the accident and discover that a handle was missing. (*Hard* v. *Vt. Cent. R. R. Co.*, 32 Vt. 473; *Mackin* v. *B. & A. R. R. Co.*, 135 Mass. 201; *Warner* v. *Erie R'y*, 39 N. Y. 468, 475; *Malone* v. *Hathaway*, 64 id. 5.) The defendant is not liable for injuries resulting from the servant's using appliances and machinery for purposes to which they are not adapted, or for their negligence in so using them. (*Chicago, etc., R. R.* v. *Abend*, 7 Ill. App. 130; *Marvin* v. *Muller*, 25 Hun, 163; Wood's Master and Servant, 778; *Felch* v. *Allen*, 98 Mass. 572.) If there was any negligence on the part of Kennedy, the "section boss," it was that of a fellow-servant, and not that of one representing the defendant. (*Barringer* v. *D. & H. C. Co.*, 19 Hun, 216; *Beilfus* v. *N. Y., L. E. & W. R. R.*, 29 id. 556; *Crispin* v. *Babbitt*, 81 N. Y. 516; *Walsh* v. *R. R. Co.*, 2 Am. & Eng. R. R. Cas. 144.)

*M. E. Bartlett* for respondents. It was the duty of the defendant to furnish its employes, for use in the prosecution of its business, good and suitable machinery, and keep it in repair, or use due care to that end. (*Wright* v. *N. Y. C. & H. R. R. R. Co.*, 25 N. Y. 562; *Laning* v. *Same*, 49 id. 521; *Flike* v. *B. & A. R. R. Co.*, 53 id. 549; *Holbrook* v. *Corcoran*, 59 id. 519; *Cone* v. *D. L. & W. R. R. Co.*, 81 id. 208.) The fact that the defendant delegated the performance of its duty to some other person does not relieve it from liability for such person's neglect to perform such duty. (*Laning* v. *N. Y. C. & H. R. R. R. Co., supra; Kirkpatrick* v. *Same*, 79 N. Y. 245; *Flike* v. *B. & A. R. R. Co., supra.*) If the injury to the intestate would not have occurred but for the negligence of the defendant in failing to maintain proper appliances, con-

tributory negligence on the part of a fellow-servant of the deceased in the use of the defective appliances does not exonerate the defendant. (*Cone* v. *D. L. & W. R. R. Co.*, 15 Hun, 172; 81 N. Y. 209; *Keegan* v. *W. R. R. Co.*, 4 Seld. 175; *Ellis* v. *R. R. Co.*, 95 N. Y. 546.) The plaintiff's intestate was not guilty of contributory negligence, as a matter of law, in using the hand-car as he did — the question should be submitted to the jury. (*Ernst* v. *R. R. Co.*, 35 N. Y. 25; *Stackus* v. *R. R. Co.*, 79 id. 464.) Whether or not the deceased knew of the danger attending the use of this defective car, and assumed the risk, is a question of fact for the jury. (Wood's Master and Servant, 760, 761; *Laning* v. *N. Y. C. & H. R. R. R. Co.*, *supra*; *Meehan* v. *S. B. & N. Y. R. R. Co.*, 73 N. Y. 585; *Fuller* v. *Jewett*, 80 id. 40; *Kain* v. *Smith*, 25 Hun, 146; 89 N. Y. 385; *Connolly* v. *Pollion*, 41 Barb. 366; 41 N. Y. 619; *R. R. Co.* v. *Jackson*, 55 Ill. 492; *Coal Co.* v. *Reid*, 3 McQueen; *Hawley* v. *R. R. Co.*, 82 N. Y. 371.) It was the duty of the defendant to produce a proper car; it failed in its duty, and the deceased was injured by reason of the failure of the defendant to fulfill its duty. (*R. R. Co.* v. *Cummings*, U. S. Sup., Ct. 27 Alb. Law Jour. 294.)

MILLER, J. The intestate was killed by being thrown from a hand-car which he and other employes were propelling upon the defendant's road. The complaint alleged that the hand-car was unsafe and improperly constructed, and the proof showed that two or three weeks before the accident one of the handles to the walking beam was broken and that defendant's employes continued to use the car with the handle of a pick or an iron crowbar in the place of the broken handle, it being inserted in the socket by some of them without any direction from the section boss. The crowbar was about five and one-half feet in length, and when used as a handle one end projected four feet and the other one and one-half feet from the socket of the lever. On the day of the accident some of the workmen had inserted the crowbar in the place of the handle that was gone, and observing a train approaching them from behind on the

same track, instead of removing the hand-car to the other track as was usually done, they started to run it to a distant switch and thus escape the train. They worked the car with all the force they could, using five men on the crowbar instead of three, the usual number. Three of them including the intestate were on the long arm, one on the short arm and one in the centre. The working of the crowbar by the men in the manner in which it was done evidently wrenched the lever or beam by which the car was operated, so that it broke, throwing the intestate under the car and killing him. Prior to the accident the intestate had full knowledge of the defect in the hand-car and voluntarily continued in the employ of defendant without complaining of or objecting to it. By riding on the car and aiding, by the use of the crowbar, in propelling it along on the track, he assumed all risks of injury resulting from the use of the crowbar or from the negligence of his fellow-servants, without any regard whatever to the question whether the defendant knew of the defect or ought to have had knowledge of the same. (2 Thomp. on Neg. 1008 *et seq.; Gibson* v. *Erie Railway Co.*, 63 N. Y. 453; *De Forest* v. *Jewett*, 88 id. 264.) The deceased was an employe on the road, and no doubt was possessed of the ordinary judgment and sense of those who occupied a similar position. He had sufficient knowledge to understand the ordinary rules which are applicable to the use of a car which was partially disabled, as was the case here. He must have known that the use of the crowbar required the usual care, and would not be as safe and secure as if a proper handle had been in use. He must also have known that the application of extraordinary force, under the circumstances, might perhaps cause the accident by wrenching the walking beam, as was done by such a use of the crowbar in this case. It did not require a special knowledge or skill to determine that an unusual application of force might result either in the breaking of the handle or the walking beam. Working on the car as he did, with ample knowledge in regard to its operation, and fully aware of its condition, there would seem to be no ground for claiming that there was any question of fact for

the consideration of the jury as to the intestate's knowledge of the risk he incurred in using the car and improperly using the crowbar in propelling the same.

There is a class of cases in the books in which it is held that the question arising as to the knowledge of an injured party in regard to defects in machinery or materials may be submitted to the jury, but these cases are all clearly distinguishable from the one at bar, where it is plainly apparent that knowledge must have existed as to the character of the implements or machinery employed and of the risks incident thereto, and that the injured party acted with an entire appreciation of the actual condition of the car on which he was riding, fully realized the state in which it was, and did not deem it essential to make any complaint, or give any notice to the defendant that he considered it unsafe or unfit for use.   In the case of *East Tenn., etc., R. R. Co.* v. *Smith* (9 Lea [Tenn.], 685) the accident occurred by reason of the breaking of a handle on a hand-car under circumstances similar, to those presented in the case at bar, and the question discussed was as to the defect in one of the wooden handles of the lever which was claimed to be too small for the purpose, and it was held by the court that the determination of such a matter required no special knowledge or scientific skill, and if with such knowledge the plaintiff elected to continue in the service, he should be regarded as voluntarily electing himself to take the risk.

This rule may be invoked with far greater reason in the case considered, where the simple question was, whether the car could be properly used in the manner it was after substituting a crowbar in the place of the handle.

We are referred to the remarks in the opinion in the case of *Laning* v. *N. Y. C. R. R. Co.* (49 N. Y. 521), to the effect that if the servant remains in the service after a defect arises and complains of the same, it is for the jury to say whether or not he voluntarily assumed the risk of defective machinery whereof he has full and equal knowledge.   The alleged defect in that case was the employment of unfit men, of which the person injured had knowledge and made complaint, and while

the rule stated may well apply to such a case, it cannot be regarded as pertinent to one where it is clear and unmistakable that the employe not only had knowledge but a full appreciation of the character of the instrumentalities with which he was working and made no complaint.

It is true that regard must be had to the limited knowledge of the employe as to the machinery and structure on which he is employed, and to his capacity and intelligence, and that the servant has a right to rely upon the master to protect him from danger and injury, and in selecting the agent from which it may arise (*Connolly* v. *Poillon*, 41 Barb. 366), but this rule should not be invoked where it is entirely apparent that the servant has an intelligent and clear comprehension of the nature of the risks to which he is subjected. Some other cases are cited by the respondents' counsel, but they are all distinguishable from the case at bar, and none of them hold that where the evidence clearly shows that the person injured had full knowledge of the defect and intelligently and completely appreciated its true character, there was any question of fact for the consideration of the jury.

It is apparent, we think, under the facts presented that the intestate, with full knowledge of the defects in the car, assumed the responsibility of working on the same and the risks arising therefrom, and that no liability was incurred by the defendant by reason of the accident which caused his death. There is far stronger reason here for relieving the defendant from liability. Where the defect did not exist originally, and when the servant upon discovering it failed to perform his duty in notifying the master, than under ordinary circumstances. By his neglect of duty in this respect he was chargeable with contributory negligence, which prevents his recovery of damages on account of being injured by reason of the use of the defective hand-car.

We are also of the opinion that the action cannot be maintained for the additional reason that the deceased was chargeable with contributory negligence in the use of the hand-car by himself and his fellow-servants, in the manner in which it was propelled at the time of the accident. It was clearly negli-

gence to seek to avoid the train in the manner they did.    The deceased participated with his fellow-servants in this act and was responsible for the consequences which followed.

There was no question of fact for the jury upon the trial, and for the reasons stated, the motion for a nonsuit was properly granted and the General Term erred in reversing the judgment.

The order of the General Term should be reversed and judgment entered on the order nonsuiting plaintiff at Circuit.

All concur.

Order reversed and judgment accordingly.