### ROUND LAKE ASS'N v. KELLOGG.

(*Supreme Court, General Term, Third Department.* November 26, 1890.)

1. TRIAL—SPECIAL FINDINGS OF JURY—ADDITIONAL FINDINGS BY COURT.

Plaintiff in a legal action, who agreed to the submission of only specified questions to the jury, cannot complain that the court, in compliance with his request, made additional findings of fact.

2. SAME.

In an action triable before a jury additional findings of fact made by the court at plaintiff's request cannot operate to control the special findings of the jury, to defendant's prejudice.

3. APPEAL—WEIGHT OF EVIDENCE.

The general term of the supreme court will not set aside the verdict of the jury as being against the weight of the evidence where the trial judge, after a careful consideration of the question, has declined to do so, though there is evidence in the case from which the jury might reasonably have arrived at a different conclusion.

4. PAROL EVIDENCE—CONDITIONAL DELIVERY OF WRITTEN CONTRACT.

In an action on a written agreement by which plaintiff gave defendant the privilege of selling certain merchandise, parol evidence is admissible to show that it was agreed that the agreement in question should not become valid until a certain person had signed a contract restraining him from conducting similar business to that of defendant.

Appeal from circuit court, Saratoga county.

Action by Round Lake Association against Bradford D. Kellogg. Plaintiff appeals from a judgment directed to be entered in favor of defendant after a trial by jury, and also from an order of the trial judge refusing to set aside the verdict and direct judgment for plaintiff.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*C. S. Lester*, for appellant. *J. W. Verbeck*, for respondent.

LEARNED, P. J.    This is an appeal from a judgment in favor of defendant, entered after a trial before a jury at the circuit, and also from an order refusing to set aside the verdict and refusing to direct a verdict for the plaintiff.    The proceedings at the close of the trial seem to have been somewhat peculiar.    The action was to recover a sum of money, and the trial was before a jury.    After the evidence was in, the plaintiff asked the court to direct a verdict for the plaintiff.    This was refused, and the plaintiff excepted.    The plaintiff asked that the whole case be submitted to the jury and a general verdict rendered, the court reserving the questions of law.    This was refused, and the plaintiff excepted.

We are not clear as to the meaning of the request, "the court reserving the questions of law," in connection with a general verdict in an action triable by a jury.    But the case then states that the parties agreed to submit certain specified questions to the jury, the court reserving the questions of law for further consideration.    This agreement must, if possible, be held to waive any irregularity which might otherwise be found.    The court then submitted three questions in writing to the jury.    They found the first and second in the affirmative, the third in the negative.    The plaintiff moved to set aside the first and second findings as contrary to evidence, and moved for a new trial.    The judge reserved the case for further consideration.    At the time of application for judgment the plaintiff requested the court to make certain findings of fact, which the court did; and certain findings of law, which the court did not.    It would seem therefore that there has been a trial of a part of the case by a jury and a part by the court.    But the submission of the three questions to the jury was by agreement, and the findings of fact by the court were at plaintiff's request; and as the plaintiff is the appellant, it ought not to find fault that these findings were made.    The court refused to set aside the verdict of the jury (that is, the findings aforesaid) as against evidence.

The action was upon a certain written agreement dated December 20, 1887, between plaintiff and defendant.    The agreement is called a lease, but it is not accurately so called.    It is an agreement by which the plaintiff gives defendant the privilege for three years of selling and manufacturing certain goods on land belonging to the defendant, and of putting the said manufactured goods (tin roofs and the like) on the grounds (probably meaning upon buildings standing on the grounds) of the plaintiff.    For this privilege the defendant agreed to pay $100 yearly.    The defendant in his answer among other things denied that plaintiff had any authority to make such alleged lease, and that it was executed by any person having authority on the part of the plaintiff.    He further alleged in substance that he was induced to sign said agreement by threats and knowingly false representations of the plaintiff, and also under a special agreement that one Rulison would sign an agreement restraining him from similar business and manufacture, which he has not done.    The finding of the jury is that the so-called lease was signed under an agreement that it should not take effect until Rulison signed an agreement not to sell sheet iron, etc.; that the defendant was informed that unless he signed this agreement the privilege would be given to another.    In regard to the practice pursued at the close of the trial, it seems to have been by mutual agreement that three questions were submitted to the jury and questions of law reserved.    Without saying that this was regular, we think that the agreement of the parties was such that we need not hold that there was a mistrial.

The question then is whether the verdict was against the evidence.    There was a conflict of evidence.    The defendant testified in his behalf; and officers of the association testified in its behalf to a conversation between the parties.    The learned justice who tried the case says in his opinion that if the question had been submitted to him he should have reached a different conclusion.

But he was not able to say that the verdict was so far against the weight of evidence that he ought to set it aside. We think that his opinion on that point, when he had carefully considered this point, should have great influence with us. The setting aside of the verdict as against evidence is a matter of sound discretion. Very often motions of that kind are decided almost *pro forma*. But it was not so in the present case; and the learned justice evidently examined the question. We have looked over the evidence. We think that the jury might very reasonably have come to a very different conclusion. But there was evidence to support their verdict, and it was not a case in which we should set it aside.

The next point urged by the appellant is that the court ought to have rendered judgment for the plaintiff upon the pleadings and the facts found by the court after the verdict of the jury. We do not understand what power the court had to find facts. The action was triable by a jury, and was tried before a jury. It is stated in the case that the parties agreed to submit certain questions of fact to the jury; "the court reserving the questions of law for further consideration." There seems not to have been any agreement that the court should try half the action; and the findings of fact by the court at the plaintiff's request cannot prejudice the defendant. Taking, then, the pleadings and the verdict of the jury, the plaintiff is not entitled to judgment thereon.

We need only point out that the answer denies that the alleged agreement set forth in the complaint is a correct copy of any agreement signed by plaintiff and defendant.

The plaintiff objected to certain evidence as follows: The defendant had testified in his own behalf that he had signed the agreement. He was asked by his counsel what talk he had, before signing the agreement, about the agreement. To this the plaintiff objected that parol evidence could not be given to alter the agreement. The objection was overruled, and the defendant in substance stated that the persons acting for the plaintiff agreed that one Rulison should not have the privilege of selling tinware, and that Rulison should sign a contract to that effect before defendant's should become valid. Defendant then signed the agreement, and left it when it was signed in plaintiff's possession. The plaintiff relies on *Wallace* v. *Berdell*, 97 N. Y. 24. But on examining that case it will be found that the question was whether the trust-deed in question was in fact delivered. There was no evidence of any condition alleged to be a qualification of the delivery. On the other hand, in *Dietz* v. *Farish*, 79 N. Y. 524, the question here presented was directly involved, and the doctrine was laid down which in the present case was held by the court below. To the same effect is *Ware* v. *Allen*, 128 U. S. 590, 9 Sup. Ct. Rep. 174, and cases there cited. We think, therefore, that there was no error in the admission of this evidence.

The verdict of the jury renders it unnecessary for us to inquire whether the agreement in question would or would not have been valid, if it had been executed and delivered absolutely. Therefore, we decide nothing as to the rights of the plaintiff to require the defendant to pay for the privilege of selling goods on premises owned by him. Judgment and order affirmed, with costs.