### KAARE *v.* TROY STEEL & IRON CO.

*(Supreme Court, General Term, Third Department. July 2, 1892.)*

1. NEGLIGENCE OF MASTER—CREDIBILITY OF WITNESSES—QUESTION FOR JURY.

Plaintiff, while wheeling wood in the nighttime over a platform, fell therefrom and was injured. Plaintiff testified that his fall was caused by a hole in the platform, which he could not see because of defective lights. Defendant's witnesses, its employes and plaintiff's coworkmen, testified that they had never seen any defect in the platform. *Held,* that the credit to be given the witnesses under these circumstances was peculiarly a question for the trial judge and jury, and that a verdict for plaintiff should not be set aside, though founded on his testimony alone.

2. SAME—RISKS OF EMPLOYMENT—EVIDENCE.

There being proof that plaintiff and other workmen had objected to going on the platform at night, and that defendant's superintendent ordered them to go, plaintiff could not be held to have assumed its risks in using the platform with knowledge of its condition.

Appeal from circuit court, Rensselaer county.

Action by Jens Kaare against the Troy Steel & Iron Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*Smith & Parmenter,* (*R. A. Parmenter,* of counsel,) for appellant. *Smith & Wellington,* (*C. B. Wellington,* of counsel,) for respondent.

PUTNAM, J. The plaintiff was an employe of the defendant, and on the night of June 12, 1887, while wheeling wood on a platform from a car to defendant's boiler room, the wheelbarrow he was using tipped over, falling to the ground, carrying plaintiff with it, and severely injuring him. The plaintiff claims that the accident was caused by a defective plank. He states that the plank was worn down, had a split in it; that there was a kind of hole in which the wheel ran, and that this caused the barrow to be overturned; that the defective plank had been in that condition for two weeks. Plaintiff also claims that the lights were defective, and that he and other workmen objected to going on to the platform in the nighttime, but they were ordered to do so by Mr. Stevenson, defendant's foreman. The plaintiff is his only witness as to the facts showing negligence on the part of the defendant, and is contradicted by a number of witnesses; and, on examining the evidence, I have entertained doubts whether the court ought not, under the circumstances, to have granted defendant's motion for a new trial, on the ground that the verdict was against the weight of evidence. But the learned judge who presided at the trial of the case, who heard all the witnesses sworn, and who saw them when they gave their testimony, was of opinion that the evidence given justified the submission of the case on the question of negligence to the jury, and that such evidence was sufficient to sustain the verdict; and his view as to the evidence bearing on the questions of fact involved in the case is entitled to great respect. It is only in exceptional cases that the decision of the judge presiding at the trial of an issue of fact in a case where there is conflicting evidence on a motion for a new trial will be disturbed by the court on appeal. It will be remembered that the plaintiff testified positively to a defect in the plank, which he described, and which he stated caused the acci-

dent, while the defendant's witnesses merely testified that they did not see the defect spoken of by the plaintiff. The testimony of the plaintiff and defendant's witnesses is not necessarily contradictory. The defect in the plank may have existed, and have been observed by the plaintiff, and may not have been noticed by the defendant's witnesses. In a recent case—*Association* v. *Kellogg*—a similar question arose. One witness (the defendant) testified to a state of facts which was contradicted by four or five witnesses. The court at special term denied the motion for a new trial, and his decision was sustained by the general term of this district. 11 N. Y. Supp. 859. As above stated, the cases are unusual where the general term, on an appeal,—there being a conflict of evidence, and the case having been fairly tried and submitted to the jury, and a motion for a new trial having been denied by the trial judge,—will grant a new trial because the number of witnesses on the part of the appellant on a question of fact exceeded the number of witnesses sworn on the part of the respondent. See *Hickinbottom* v. *Railroad Co.*, 15 N. Y. St. Rep. 12, 13; *Finney* v. *Gallaudet*, (Com. Pl. N. Y.) 2 N. Y. Supp. 707; *Cheney* v. *Railroad Co.*, 16 Hun, 420; *Langlois* v. *Hayward*, (Sup.) 13 N. Y. Supp. 200. In this case also it must be remembered that, although the plaintiff is an interested witness, yet the witnesses on the other side were employes of the defendant, and that their testimony may properly have been regarded by the jury with some suspicion. This is especially a case where the credit to be given to the witnesses on each side, under circumstances, was a question for the court and jury, who saw and heard the witnesses testify. I think, therefore, that the verdict of the jury on the question of fact as to the negligence of the defendant should not be disturbed, and that the decision of the trial judge in that regard should stand. If, as the plaintiff testified, there was a hole in the plank which had remained there two weeks, and of which defendant's superintendent had actual notice, the jury was justified, from such a state of facts, in finding that the accident was caused by the negligence of the defendant in failing to provide for the plaintiff and other employes a safe place to work in. It is well settled that the employer must furnish his servants with a reasonably safe place to work in, and, failing to do so, he becomes liable for an injury caused by his neglect. *Pantzar* v. *Mining Co.*, 99 N. Y. 368, 2 N. E. Rep. 24; *Freeman* v. *Mill Co.*, (Sup.) 15 N. Y. Supp. 657.

As to the question of plaintiff's contributory negligence, it is well settled that only in very exceptional cases can such a question be taken from the jury. No citation of authority is necessary as to this doctrine. In this case it is clear that the question as to plaintiff's contributory negligence was one of fact to be submitted to the jury. The plaintiff testified that the lights were poor; that he could not see the hole in the plank; that he could not see ahead of him. As to whether defendant exercised proper care or not, under all the circumstances, was a question upon which different persons might come to different conclusions. Evidently this was not one of those exceptional cases where negligence on the part of the plaintiff was clear, and where the question should be taken from the jury by the court, and decided as a matter of law. I therefore reach the conclusion that the court properly denied the motion for a new trial on the ground that the verdict was contrary to the evidence on the question of the negligence of the defendant and plaintiff's freedom from contributory negligence.

The most serious question in the case is whether the plaintiff, an employe of defendant, and knowing, as he testifies, of the defective plank, did not voluntarily assume the risk he ran in consequence of the defect, so as to preclude his recovery. It is suggested by plaintiff that no such claim was made by the defendant upon the trial, and hence that it cannot be considered now. I will, however, consider the question, assuming that the defendant is in a position to raise it. It is held that a master owes the duty to his servant of furnishing him a place safe to work in, and that the rule that the servant

takes the risk of the service presupposes that the master has performed the duties of caution, care, and vigilance which the law casts upon him. It is those risks run which cannot be obviated by the adoption of reasonable measures of precaution by the master that the servant assumes. *Pantzar* v. *Mining Co.*, 99 N. Y. 376, 2 N. E. Rep. 24; *Booth* v. *Railroad Co.*, 73 N. Y. 40; *Freeman* v. *Mill Co.*, (Sup.) 15 N. Y. Supp. 657. The plaintiff did not assume the risk caused by the defendant's neglecting to exercise proper care to make the platform a safe place to work. That was a risk that could be obviated by the adoption of reasonable measures of precaution by the master. Of course, if the plaintiff recklessly and carelessly exposed himself to injury in consequence of the defective plank, if he was guilty of contributory negligence, he could not recover. But that question, as we have seen, was for the jury. The doctrine that a servant cannot recover on account of an accident caused by a defect of which he had knowledge, and the risk of which he voluntarily assumed, does not apply to cases where the defect is caused by an employer's neglect to make proper and reasonable repairs. It applies where the defect is incidental to the business, and is not caused by neglect on the part of the master. If such a defect, existing on account of the negligence of the master, causes an accident, the servant may recover, unless the facts of the case show that, knowing the defect, he had unnecessarily or carelessly exposed himself to injury. Again, it has been held that, although the servant knew of the defect in the place where he works, which caused the injury, if the master, by interfering with the servant, or coercing him to expose himself to the danger, or in any way contributes to the injury, he is liable. *Kain* v. *Smith*, 25 Hun, 149, 89 N. Y. 385; *Gibson* v. *Railway Co.*, 63 N. Y. 453. In this case there was proof that the plaintiff and other workmen objected to going on to this platform; that they claimed it was not safe; and that the defendant's superintendent ordered them to do so. The authority that most nearly supports defendant's contention is the case of *Powers* v. *Railroad Co.*, 98 N. Y. 278. In that case, however, the fact appears that the deceased knew the defect of the hand car, and voluntarily used it. He made no complaint or objection, and gave no notice to the railroad company that he deemed the car unsafe. In that important regard that case differs from this. Here there was evidence, which the jury doubtless believed, that the defendant's agent was notified that the plank was unsafe. Plaintiff testified that he told Mr. Cooper, the "head boss," that the place was unsafe; that it was in bad condition. He asked Cooper if something could not be done for it. It was dangerous, particularly in rainy weather. Plaintiff testified that he and other men objected to going on the platform at night; that the platform was not in condition to go on at night. It will therefore be seen that this case differs from the *Powers Case, supra*. In that case, the fact that the injured party used the machine without objecting, and without notifying the agents of the corporation of its unsafe condition, was evidently deemed important. And see *Laning* v. *Railroad Co.*, 49 N. Y. 536. On the whole, although the case is a close and doubtful one, I think there should be an affirmance of the judgment, with costs. All concur.